UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TROY SLACK, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>SWIFT TRANSPORTATION CO. OF ARIZONA, LLC,<br><br>    Defendant. | CASE NO. C11-5843 BHS<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND |

  This matter comes before the Court on Plaintiffs Troy Slack, Jacob Grismer, Richard Erickson, and Scott Praye's ("Plaintiffs") motion for leave to amend (Dkt. 25). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

### I. PROCEDURAL HISTORY

  On September 9, 2011, Plaintiffs filed an amended complaint against Defendant Swift Transportation Co. of Arizona, LLC ("Swift"), in the Pierce County Superior Court

1  for the State of Washington.  Dkt. 1, ¶ 5.  Plaintiffs allege six causes of action:  (1)

2  violation of Washington State minimum wage laws; (2) violation of Washington State

3  laws regarding payment of wages less than entitled; (3) failure to provide meal and rest

4  breaks as required by Washington law; ( 4) willful refusal to pay wages, in violation of

5  Washington law; ( 5) violation of Washington State Consumer Protection Act; and ( 6)

6  unpaid wages on termination, in violation of Washington law.  *Id*., ¶ 7.

7        On October 12, 2012, Swift removed the action to this Court under the Class

8  Action Fairness Act, 28 U.S.C. § 1332(d).  *Id*., ¶¶ 1–3.

9        On May 16, 2012, Plaintiffs filed a motion for leave to amend.  Dkt. 25.  On May

10  23, 2012, Swift responded.  Dkt. 26.  Plaintiffs did not reply.

11        **II. DISCUSSION**

12        The court should freely give leave to amend when justice so requires.  Fed. R. Civ.

13  P. 15(a)(2).  In considering whether to permit amendment, courts consider the following

14  factors: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of

15  amendment; and (5) whether plaintiff has previously amended his complaint."  *Allen v.*

16  *City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

17        In this case, Swift argues that the Court should deny Plaintiffs' motion because it

18  is untimely, prejudicial, and futile.  Dkt. 26 at 9.  First, Swift argues that the amendments

19  are untimely because Plaintiffs were aware of the facts when they filed the first amended

20  complaint.  *Id*. at 3–4.  The problem with Swift's argument is that Plaintiffs seek leave to

21  amend by adding additional claims based on the alleged facts.  Swift concedes this point:

22  "These facts were alleged in the First Amended Complaint, yet Plaintiffs consciously

chose not to include RCW 49.46.020 minimum wage claims." *Id*. at 4. Moreover, Plaintiffs have timely sought leave to amend pursuant to this Court's scheduling order. *See* Dkt. 24. The amended pleadings deadline would be meaningless if the Court found that an amendment was untimely when the amendment was sought before the Court's deadline. Therefore, the Court finds that the amendments are timely.

Second, Swift argues that Plaintiffs' proposed amendments are futile. "A proposed amendment is futile only if *no set of facts* can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (citation omitted, emphasis added). Swift's arguments are based on Plaintiffs' failure to provide sufficient allegations under the causes asserted. Dkt. 26 at 5–7. Swift's argument is misplaced, and it has failed to show that Plaintiffs are unable to allege any set of facts to establish the proposed amendments. Therefore, at this time, the Court does not find that Plaintiffs' claims are futile.

Swift also argues that the claims of the additional Plaintiffs are futile because Plaintiffs have failed to show that the new Plaintiffs would be adequate representatives of a class. Dkt. 26 at 7–8. This is a class certification problem, not an amendment problem. Therefore, Swift's argument is without merit.

Finally, Swift argues that it would be prejudiced by the amendment. This argument is premised on the parties' agreement to limit the number of depositions during discovery. Dkt. 26 at 8. Swift argues that it would be prejudicial to permit the addition of new plaintiffs because Swift "will not be able to take full-length depositions of all of

1 the named Plaintiffs." Dkt. 26 at 8. This is a weak argument. If, however, this becomes
2 an issue that the parties are unable to solve without Court intervention, then the proper
3 procedure would be to seek leave to conduct more depositions pursuant to Fed. R. Civ. P.
4 30. There is an absence of precedence for the proposition that the Court should deny
5 leave to add additional plaintiffs because the number of additional plaintiffs would
6 exceed the permitted number of *initial* depositions. Therefore, the Court finds that
7 Plaintiffs' amendments are not prejudicial.

### III. ORDER

Therefore, it is hereby **ORDERED** that Plaintiffs' motion for leave to amend (Dkt. 25) is **GRANTED**. Plaintiffs shall file the amended complaint as a separate electronic docket entry no later than August 1, 2012.

Dated this 23rd day of July, 2012.

_____
BENJAMIN H. SETTLE
United States District Judge