1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

9

10

11

12

13

14

15

16

17

| | |
|---|---|
| TROY SLACK, JACOB GRISMER, RICHARD ERICKSON, SCOTT PRAYE, GARY H. ROBERTS, ROBERT P. ULRICH, HENRY LEDESMA, TIMOTHY HELMICK, DENNIS STUBER, ERIC DUBLINSKI, SEAN P. FORNEY, individually and as Putative Class Representatives,<br><br>       Plaintiffs,<br><br>v.<br><br>SWIFT TRANSPORTATION CO. OF ARIZONA, LLC,<br><br>       Defendant. | No. 3:11-cv-05843-BHS<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF** |

18

19

20

21

22

23

24

Plaintiffs, by the undersigned attorneys, for their Complaint against Defendant Swift

Transportation Company of Arizona, LLC, d/b/a Swift, allege as follows:

## I. NATURE OF ACTION

1.1     Plaintiffs bring this action against Defendant, Swift Transportation Co. of

Arizona, LLC, for engaging in a systematic scheme of wage abuse. This scheme involved, inter

alia, failing to record and pay Plaintiffs minimum wage for certain hours worked and failing to

SECOND AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES, RESTITUTION
AND INJUNCTIVE RELIEF - 1

NELSON BOYD, PLLC
411 University Street, Suite 1200
Seattle, WA 98101
(206) 971-7601

1   pay Plaintiffs for all hours worked and resulting overtime.  In addition, Plaintiffs seek to recover

2   for Swift's practice of unlawfully diverting Plaintiffs' wages to pay for Defendant's

3   administration of its driver per diem program.  As a result of its systematic scheme of failing to

4   properly pay Plaintiffs, Swift has violated Washington State law as described more particularly

5   below.

## II. JURISDICTION AND VENUE

7       2.1    Venue is proper in Pierce County because Defendant has a terminal and transacts

8   substantial business at 4720 142nd Ave E, Sumner, Pierce County, Washington, and many of the

9   specific acts, as well as the course of conduct charged herein, occurred in Pierce County,

10  Washington.

11      2.2    Defendant is within the jurisdiction of this Court. Defendant does millions of

12  dollars of business in the State of Washington.  Thus, Defendant has obtained the benefits of the

13  laws of the State of Washington and the Washington labor markets.

14      2.3    Plaintiffs assert no claims arising under federal law.  Rather, Plaintiffs allege

15  claims for relief based solely on and arising from Washington law.  The Plaintiffs' claims are

16  individual and class claims for violations of Washington law described herein.

## III. PARTIES

18      3.1    Plaintiff Troy Slack.  Plaintiff Troy Slack is a resident of Washington and his base

19  terminal was located in Washington.  Plaintiff Troy Slack worked full time for Swift from

20  approximately October, 2001, to the present.  He was paid by the mile, but not for the actual

21  miles driven.

22      3.2    Plaintiff Jacob Grismer.  Plaintiff Jacob Grismer is a resident of Washington and

23  his base terminal was located in Washington.  Plaintiff Jacob Grismer worked full time for Swift

24

SECOND AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES, RESTITUTION
AND INJUNCTIVE RELIEF - 2

NELSON BOYD, PLLC
411 University Street, Suite 1200
Seattle, WA  98101
(206) 971-7601

from approximately June, 2006, to December, 2010, and part-time thereafter. He was paid by the mile, but not for the actual miles driven.

3.3    Plaintiff Richard Erickson. Plaintiff Richard Erickson is a resident of Washington and his base terminal was located in Washington. Plaintiff Richard Erickson worked full time as a driver for Swift from approximately October, 2003 to Spring of 2011, when he moved to an office position. While employed as a driver, he was paid by the mile, but not for the actual miles driven.

3.4    Plaintiff Scott Praye. Plaintiff Scott Praye is a resident of Washington and his base terminal was located in Washington. Plaintiff Scott Praye has worked full time for Swift from September, 2010 until October 2011. He was paid by the mile, but not for the actual miles driven.

3.5    Plaintiff Gary H. Roberts. Plaintiff Gary Roberts is a resident of Washington and his base terminal was located in Washington. Plaintiff Roberts is a current full time employee for Swift. He was paid by the mile, but not for the actual miles driven.

3.6    Plaintiff Robert P. Ulrich. Plaintiff Robert Ulrich is a resident of Washington and his base terminal was located in Washington. Plaintiff Ulrich is worked as a full time employee for Swift however he is no longer employed with Swift as of December of 2011. He was paid by the mile, but not for the actual miles driven.

3.7    Plaintiff Henry M. Ledesma. Plaintiff Henry Ledesma is a resident of Washington and his base terminal was located in Washington. Plaintiff Ladesma is a current full time employee for Swift. He was paid by the mile, but not for the actual miles driven.

3.8    Plaintiff Timothy Helmick. Plaintiff Timothy Helmick is a resident of Washington and his base terminal was located in Washington. Plaintiff Helmick was a full time

SECOND AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES, RESTITUTION
AND INJUNCTIVE RELIEF - 3

NELSON BOYD, PLLC
411 University Street, Suite 1200
Seattle, WA 98101
(206) 971-7601

employee of Swift however he is no longer employed. He was paid by the mile, but not for the actual miles driven.

3.9    Plaintiff Dennis Stuber. Plaintiff Dennis Stuber is a resident of Washington and his base terminal was located in Washington. Plaintiff Stuber is a current full time employee for Swift. He was paid by the mile, but not for the actual miles driven.

3.10    Plaintiff Eric Dublinski. Plaintiff Eric Dublinski is a resident of Washington and his base terminal was located in Washington. Plaintiff Dublinski is a current full time employee for Swift. He was paid by the mile, but not for the actual miles driven.

3.11    Plaintiff Sean Forney. Plaintiff Sean Forney is a resident of Washington and his base terminal was located in Washington. Plaintiff Forney is a current full time employee for Swift. He was paid by the mile, but not for the actual miles driven.

3.12    Defendant Swift Transportation Company of Arizona is a Delaware corporation with its headquarters at 2200 S. 75th Avenue, Phoenix, AZ 85043-7410. Swift and its subsidiaries employ over 13,000 people nationwide, including tractor trailer rig drivers residing and operating in Washington State.

## IV. CLASS ACTION ALLEGATIONS

4.1    Plaintiffs bring this case as a class action pursuant to Washington Civil Rule 23 on behalf of a Class consisting of:

> All current and former Washington based employees who at anytime worked in excess of 40 hours in a week and whose duties include or have included participating in orientation and training as well as independently driving freight trucks while being paid under a mileage based compensation system. ("the Class").

and a sub-class consisting of,

> All current and former Washington based employees whose duties include or have included driving freight trucks and had their wages

SECOND AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES, RESTITUTION
AND INJUNCTIVE RELIEF - 4

NELSON BOYD, PLLC
411 University Street, Suite 1200
Seattle, WA 98101
(206) 971-7601

deducted by Swift and diverted to Swift to pay for administration of Defendant's driver per diem program. ("the Sub- Class").

4.2     Excluded from the Class are Defendant's intrastate local delivery drivers receiving traditional overtime under WAC 296-128-130(1), Defendant's Owner/Operators, the Defendant, any entity in which Defendant has a controlling interest or which has a controlling interest of Defendant, and Defendant's legal representatives, assignees and successors. Also excluded are the judge assigned to this case and any member of the judge's immediate family.

4.3     On information and belief, hundreds of Swift drivers are in the class who were paid by the mile, but were not paid for actual miles driven, and did not receive overtime or the reasonable equivalent thereof during the relevant class period. Given Defendant's massive size and the systematic nature of Defendant's failure to comply with Washington employment law, the members of the Class are so numerous that joinder of all members is impracticable.

4.4     Plaintiffs' claims are typical of the claims of the members of the Class because they were paid under the same or substantially similar pay plan as members of the Class, and sustained damages arising out of the Defendant's failure to pay wages for all hours worked, including overtime. Members of the sub-class all were subject to Swift's diversion from their wages, an administration fee for Swift's per diem plan.

4.5     Plaintiffs will fairly and adequately protect the interests of the Class members. Plaintiffs have retained counsel competent and experienced in complex and class action litigation, including employment law.

4.6     Common questions of law and fact exist as to Plaintiffs and all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to Plaintiffs and the Class are:

SECOND AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES, RESTITUTION
AND INJUNCTIVE RELIEF - 5

NELSON BOYD, PLLC
411 University Street, Suite 1200
Seattle, WA 98101
(206) 971-7601

1        a.      Whether Swift has engaged in a pattern and/or practice in Washington of

2                    forcing or permitting Plaintiffs and the Class to work without full

3                    compensation;

4        b.      Whether Swift illegally diverted a portion of Plaintiffs wages to Swift for

5                    its own benefit in violation of the Washington Anti-kickback statute.

6        c.      Whether Swift failed to keep true and accurate time records for all hours

7                    worked by its employees and/or altered time records of its employees;

8        d.      Whether Swift failed to pay Plaintiffs and the Class for the work Swift

9                    permitted them to perform;

10       e.      Whether Swift violated 49.46.020;

11       f.       Whether Swift violated RCW 49.46.070.

12       g.      Whether Swift violated RCW 49.46.090;

13       h.      Whether Swift violated RCW 49.46.130;

14       i.        Whether Swift violated RCW 49.52.050;

15       j.       Whether Swift violated RCW 4.16.080

16       k.      Whether Swift violated RCW 19.86

17       l.       Whether Swift violated WAC 296-126-023;;

18       m.     Whether Swift violated WAC 296-126-025;

19       n.      Whether Swift violated WAC 296-126-028; and,

20       o.      The nature and extent of class-wide injury and the measure of

21                    compensation for such injury.

22    4.7    Class action treatment is superior to the alternatives for the fair and efficient

23 adjudication of the controversy alleged herein.  Such treatment will permit a large number of

24

SECOND AMENDED CLASS ACTION                   NELSON BOYD, PLLC
COMPLAINT FOR DAMAGES, RESTITUTION      411 University Street, Suite 1200
AND INJUNCTIVE RELIEF - 6                         Seattle, WA  98101
                                            (206) 971-7601

similarly situated persons to prosecute their purely economic common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Class is readily identifiable from the Defendant's records.

4.8   Defendant has acted on grounds generally applicable to the entire Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the Class as a whole. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant.

4.9   A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable. Furthermore, the amounts at stake for many of the Class members, while substantial to them, are not great enough to hire an attorney to prosecute individual suits against Defendant.

4.10   Without a class action, Defendant will likely continue their course of illegal action which will cause further damage to Plaintiffs and the Class.

## V. SUMMARY OF ALLEGATIONS

5.1   At all applicable times, Defendant committed, and continues to commit, acts of wage abuse against Plaintiff, including, but not limited to:  failing to pay Plaintiffs minimum wages for certain hours worked and wages for overtime worked.

5.2   Swift's program of forcing Plaintiffs to work without full compensation is carried out through its culture and the historic nature in which Plaintiff was paid.

SECOND AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES, RESTITUTION
AND INJUNCTIVE RELIEF - 7

NELSON BOYD, PLLC
411 University Street, Suite 1200
Seattle, WA  98101
(206) 971-7601

5.3     Swift's practice is to not pay the required state minimum wage for each and every hour worked including but not limited to time spent in: company orientations and testing, company training, including hundreds of hours of in-truck training.  Plaintiffs were not paid either minimum wage or overtime for time spent in orientation and training.  Plaintiffs were paid a day rate for in-truck training which did not satisfy Washington's minimum wage requirements.  Further, because Plaintiff's did not receive the minimum wage for in-truck training, Plaintiffs routinely worked in excess of 40 hours a week without receiving overtime compensation for hours worked at overtime rates or the reasonable equivalent thereof.

5.4     Prior to the filing of this litigation, Swift has not given notice to Plaintiffs of the establishment of a base rate of pay or a rate of pay that includes overtime compensation.

5.5     Swift knew or should have known that its compensation practices for Plaintiffs with regard to violations of the minimum wage are illegal in light of *IBP v. Alvarez*, 339 F.3d 894, 912-13 (9th Cir. 2003) in which the Ninth Circuit Court of Appeals determined under the Washington State Minimum Wage Act that employees are entitled to receive the minimum wage for each and every hour worked.

5.6     Swift maintains some manner of records of the hours worked by the Plaintiffs, but not the records required by law.

5.7     Plaintiffs worked in excess of 40 hours a week on a regular basis.

5.8     Swift does not pay its drivers overtime or the reasonable equivalent thereof for hours worked in excess of 40 each week.

5.9     Swift knew or should have known that its compensation practices for Plaintiffs are illegal in light of *Bostain v. Food Express, Inc.*, 159 Wash.2d 700, 153 P.3d 846 (2007),

SECOND AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES, RESTITUTION
AND INJUNCTIVE RELIEF - 8

NELSON BOYD, PLLC
411 University Street, Suite 1200
Seattle, WA  98101
(206) 971-7601

1 whereby the Washington Supreme Court deemed the compensation policy at issue in this matter

2 illegal under Washington State law.

3      5.10    As further evidence of Swift's willfulness and bad faith, the Plaintiffs allege that

4 after the *Bostain* Supreme Court decision, Swift failed to pay back-pay to Plaintiffs.

5      5.11    As further evidence of its bad faith, since the filing of this lawsuit, Swift has

6 engaged in unilateral communications with class members soliciting statements from class

7 members based on erroneous and false representation including but not limited to representations

8 that drivers' mileage rate includes overtime because Washington based drivers earn more than

9 drivers working outside Washington.  In reality, Defendant's pay plans evidence Washington

10 based drivers earn less than drivers outside the state.

11      5.12    Prior to the filing of this litigation, Defendant charged Plaintiffs and or diverted

12 from Plaintiffs' wages 1.5 cents per mile driven for Defendant's administration of the Swift

13 Driver Per Diem program

14      5.13    Such diversion of wages was illegally orchestrated by Defendant withholding 10

15 cents per mile from Plaintiffs' mileage rate and in turn paid Plaintiffs 8.5 cents per mile of the

16 diverted 10 cents as per diem.

## VI. FIRST CLAIM FOR RELIEF

### (Minimum Wage Act: RCW 49.46.020)

19      6.1    Plaintiffs re-allege and incorporate by reference each and every allegation set

20 forth in the preceding paragraphs.

21      6.2    RCW 49.46.020 provides in relevant part that every employer not excluded from

22 coverage under the Act must compensate employees at a prescribed minimum wage rate for each

23 hour worked.

24

SECOND AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES, RESTITUTION
AND INJUNCTIVE RELIEF - 9

NELSON BOYD, PLLC
411 University Street, Suite 1200
Seattle, WA 98101
(206) 971-7601

1    6.3    Swift failed to utilize a compensation plan which provides the minimum wage for

2  activities described above in Paragraph 5.3.

3    6.4    As a result, Swift has violated the Washington State Minimum Wage Act.

4  ### VII. SECOND CLAIM FOR RELIEF

5  ### (Minimum Wage Act:  RCW 49.46.130)

6    7.1    Plaintiffs reallege and incorporate by reference each and every allegation set forth

7  in the preceding paragraphs.

8    7.2    RCW 49.46.130 provides in relevant part that "no employer shall employ any of

9  his employees for a workweek longer than 40 hours unless such employee receives

10  compensation for his employment in excess of the hours above specified at a rate not less than

11  one and one-half times the regular rate at which he is employed."

12    7.3    Swift failed to utilize "a compensation plan that includes overtime or pay

13  reasonably equivalent to overtime, for interstate drivers working longer than forty hours per

14  week." *RCW 49.46.130(2)(f)*.

15    7.4    The Washington Department of Labor and Industries has not determined that

16  Swift's compensation plan applicable to the Plaintiff include overtime pay or the reasonable

17  equivalent to overtime pay.   Swift in fact made no attempt under WAC 296-128-012 to obtain a

18  determination from L&I that its pay plans pay the reasonable equivalent to overtime.

19    7.5    Swift has an obligation to maintain records for the Plaintiffs showing the base rate

20  of pay, overtime rate of pay and actual hours worked.  If their compensation plan provides for

21  payment for a substantial or reasonable equivalent to overtime at the rate of one-and-one-half

22

23

24

SECOND AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES, RESTITUTION
AND INJUNCTIVE RELIEF - 10

NELSON BOYD, PLLC
411 University Street, Suite 1200
Seattle, WA  98101
(206) 971-7601

1 times the base rate, Swift must maintain records of the formulas or projected work hours used to

2 substantiate any deviation from the hourly time-and-a-half rate[1].

3      7.6    Swift does not maintain records covering the liability period as required under

4 WAC 296-128-011.

5      7.7    By the actions alleged above, Defendant violated the provisions of RCW

6 49.46.130.

7 As a result of the unlawful acts of Defendant, Plaintiffs have been deprived of overtime

8 compensation in amounts to be determined at trial and, pursuant to RCW 49.46.090, are entitled

9 to recovery of such amounts, including interest thereon, attorneys' fees and costs.

10 <center>**VIII. <u>THIRD CLAIM FOR RELIEF</u>**</center>

11 <center>**(Payment of Wages Less Than Entitled:  RCW 49.46.090)**</center>

12      8.1    Plaintiffs reallege and incorporate by reference each and every allegation set forth

13 in the preceding paragraphs.

14      8.2    Under RCW 49.46.090, employers must pay employees all wages to which they

15 are entitled under the Washington Minimum Wage Act.  If the employer fails to do so, RCW

16 49.46.090 requires that the employer pay the employees the full amount of the statutory

17 minimum wage rate less any amount actually paid to the employee.

18

---

[1] Washington Administrative Code 296-128-011 states in relevant part "(1). . . employers who employ individuals as truck or bus drivers subject to the provisions of the Federal Motor Carrier Act shall maintain records indicating the base rate of pay, the overtime rate of pay, the hours worked by each employee for each type of work, and the formulas and projected work hours used to substantiate any deviation from payment on an hourly basis pursuant to WAC 296-128-012. The records shall indicate the period of time for which the base rate of pay and the overtime rate of pay are in effect. For the purposes of this section and WAC 296-128-012, "base rate of pay" means the amount of compensation paid per hour or per unit of work in a workweek of forty hours or less. A base rate of pay shall be established in advance of the work performed and may be based on hours or work units such as mileage, performance of specified duties, or a specified percentage of the gross proceeds charged for specified work. A base rate of pay shall not be established that will result in compensation at less than the minimum wage prescribed in RCW 49.46.020. "Overtime rate of pay" means the amount of compensation paid for hours worked in excess of forty hours per week and shall be at least one and one-half times the base rate of pay." *WAC 296-128-01.*

SECOND AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES, RESTITUTION
AND INJUNCTIVE RELIEF - 11

NELSON BOYD, PLLC
411 University Street, Suite 1200
Seattle, WA  98101
(206) 971-7601

1
8.3 By the actions alleged above, Defendant violated the provisions of RCW 49.46.090 and the Washington Minimum Wage Act by failing to pay any wage whatsoever to compensate Plaintiffs at a rate at least equal to the minimum wage for orientation and training time, and by failing to compensate Plaintiffs for their employment in excess of 40 hours per week at a rate not less than one and one-half times the regular rate of pay at which they were employed, or the reasonable equivalent thereto.

8.4 As a result of the unlawful acts of Defendant, Plaintiffs have been deprived of regular and overtime compensation in an amount to be determined at trial. Pursuant to RCW 49.46.090 and 49.48.030, Plaintiffs are entitled to recover attorneys' fees and costs.

## IX. FOURTH CLAIM FOR RELIEF

(Violation of Washington Anti-Kickback Statute)

9.1 Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

9.2 WAC 296-126-028 prohibits an employer from obtaining a rebate of wages from an employee's wages with intent to deprive employees of those wages.

9.3 An improper withholding of wages in violation of this statute results in liability for double damages and attorneys' fees.

9.4 Swift illegally withheld from Plaintiffs wages 1.5 cents per mile driven as a charge for administering Swift's per diem pay program.

## X. FIFTH CLAIM FOR RELIEF

(Willful Refusal To Pay Wages:  RCW 49.52.050)

10.1 Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

SECOND AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES, RESTITUTION
AND INJUNCTIVE RELIEF - 12

NELSON BOYD, PLLC
411 University Street, Suite 1200
Seattle, WA  98101
(206) 971-7601

10.2    RCW 49.52.050(2) provides that any employer who "willfully and with intent to deprive the employee of any part of his wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" shall be guilty of a misdemeanor.

10.3    RCW 49.52.070 provides that any employer who violates the foregoing statute shall be liable in a civil action for twice the amount of wages withheld, together with costs of suit and a reasonable attorneys' fee.

10.4    By the actions alleged above, Defendant violated the provisions of RCW 49.52.050.

10.5    By the actions alleged above, Defendant violated the provisions of WAC 296-126-092 and WAC 296-125-0287, which constitutes a violation of RCW 49.52.050.

10.6    As a result of the unlawful acts of Defendant, Plaintiffs have been deprived of wages in amounts to be determined at trial and, pursuant to RCW 49.52.070, and are entitled to recovery of twice such amounts, including interest thereon, attorneys' fees, and costs.

## XI. <u>SIXTH CLAIM FOR RELIEF</u>

### (Violation of Washington's Consumer Protection Act:  RCW 19.86)

11.1    Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

11.2    RCW 19.86.020 "*Unfair Competition, Practices, Declared Unlawful*" states "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." *RCW 19.86.020*.  Defendant engaged in unfair or deceptive acts or practices when it:  (i) failed to pay Plaintiffs in full all wages and overtime;

SECOND AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES, RESTITUTION
AND INJUNCTIVE RELIEF - 13

NELSON BOYD, PLLC
411 University Street, Suite 1200
Seattle, WA  98101
(206) 971-7601

1  (ii) failed to pay Plaintiffs for overtime worked; (iii) violated RCW 49.46.130; (v) violated WAC

2  296-126-023 and WAC 296-126-028; and (iv) violated WAC 296-126-092 and 296-125-0287.

3      11.3    Defendant's unfair or deceptive acts or practices repeatedly occurred in

4  Defendant's trade or business and were capable of deceiving a substantial portion of the public.

5      11.4    RCW 19.86.093 *Civil Action--Unfair Or Deceptive Act Or Practice--Claim*

6  *Elements*" states "In a private action in which an unfair or deceptive act or practice is alleged

7  under RCW 19.86.020, a claimant may establish that the act or practice is injurious to the public

8  interest because it: (1) Violates a statute that incorporates this chapter; (2) Violates a statute that

9  contains a specific legislative declaration of public interest impact; or (3)(a) Injured other

10  persons; (b) had the capacity to injure other persons; or (c) has the capacity to injure other

11  persons." *RCW 19.86.093.*    Defendant's unfair or deceptive acts or practices have injured

12  Plaintiff and other persons, and have the capacity to injure other persons, and are injurious to the

13  public interest.

14      11.5    RCW 19.86.090 "Civil Action For Damages--Treble Damages Authorized. . ."

15  states "Any person who is injured in his or her business or property by a violation of RCW

16  19.86.020. . . may bring a civil action in superior court to enjoin further violations, to recover the

17  actual damages sustained by him or her, or both, together with the costs of the suit, including a

18  reasonable attorney's fee. In addition, the court may, in its discretion, increase the award of

19  damages up to an amount not to exceed three times the actual damages sustained. . ." *RCW*

20  *19.86.090.* Defendant has injured Plaintiffs in their business and property by a violation of RCW

21  19.86.020.

22

23

24

11.6    As a direct and proximate cause of Defendant's unfair or deceptive acts or practices, Plaintiff has suffered actual damages, in that Plaintiffs were wrongfully denied the payment of wages, including overtime, and was prevented from taking rest and meal breaks.

11.7    As a result of Defendant's unfair and deceptive practices, Plaintiffs are entitled, pursuant to RCW 19.86.090, to recover treble damages, reasonable attorneys' fees, and costs.

## XII. SEVENTH CLAIM FOR RELIEF

12.1    Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

12.2    RCW 49.48.010 provides: "When any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him on account of his employment shall be paid to him at the end of the established pay period."  The statute further provides that it shall be unlawful "for any employer to withhold or divert any portion of an employee's wages."

12.3    The actions described above in this Complaint constitute a failure on the part of Swift to pay the wages due to Plaintiffs at the end of the established pay period.  Further, by not paying Plaintiff for breaks and overtime, this action constitutes a withholding or diversion by Swift of employee wages.

12.4    As a result of the unlawful acts of Defendant, Plaintiffs have been deprived of wages in amounts to be determined at trial and, pursuant to RCW 49.52.030, and are entitled to recovery of such amounts, including interest thereon, attorneys' fees and costs.

## XIII. EIGHTH CLAIM FOR RELIEF

### (Unjust Enrichment)

SECOND AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES, RESTITUTION
AND INJUNCTIVE RELIEF - 15

NELSON BOYD, PLLC
411 University Street, Suite 1200
Seattle, WA  98101
(206) 971-7601

13.1     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

13.2     Swift's actions described above have resulted in unjust enrichment to the defendant.

13.3     Under RCW 49.16.080(3) a three year statute of limitations applies.

13.4     The actions described above in this Complaint constitute a failure on the part of Swift to pay the wages due to Plaintiffs.

13.5     As a result of the unlawful acts of Defendant, Plaintiffs have been deprived of wages in amounts to be determined at trial and, pursuant and are entitled to recovery of such amounts, including interest thereon, attorneys' fees and costs.

## XIV. <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs individually and as Putative Class Representatives, pray for judgment against the Defendant Swift Transportation Company of Arizona, LLC., and in favor of Plaintiffs as follows:

14.1     The Certification of the proposed Plaintiff Class;

14.2     A declaration that Defendant is financially responsible for notifying all Class members of its wage and hour violations;

14.3     Appointment of the Named Plaintiffs as Class representatives;

14.4     Appointment of the undersigned counsel as Class counsel;

14.5     A declaration that the actions complained of herein violate Washington statutes and codes, including but not limited to: RCW 49.46.020; RCW 49.46.070; RCW 49.46.090; RCW 49.46.130; RCW 49.52.050; RCW 4.16.080; RCW 19.86; WAC 296-126-023; WAC 296-126-025; and WAC 296-126-028

SECOND AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES, RESTITUTION
AND INJUNCTIVE RELIEF - 16

NELSON BOYD, PLLC
411 University Street, Suite 1200
Seattle, WA 98101
(206) 971-7601

14.6    Compensatory damages, as shall be proven at trial;

14.7    Exemplary damages, as provided for by law, including but limited to RCW 19.86.090, as shall be proven at trial;

14.8    Attorneys' fees and costs, as allowed by law, as shall be proven at trial;

14.9    Pre-judgment interest and post-judgment interest, as provided by law, as shall be proven at trial, and;

14.10   Grant such other and further relief as this Court deems necessary, just and proper.

Dated July 27, 2012

Respectfully submitted,

s/s Jeffrey D. Boyd
**DEBORAH M. NELSON, WSBA #23087**
nelson@nelsonboydlaw.com
**JEFFREY D. BOYD, WSBA #41620**
boyd@nelsonboydlaw.com
NELSON BOYD, PLLC
1700 7th Avenue, Suite 2220
Seattle, WA  98101
(206) 971-7601 – Phone

s/s Joseph D. Lane
**JOSEPH D. LANE**
jlane@cochranfirm.com
**J. FARREST TAYLOR**
ftaylor@cochranfirm.com
THE COCHRAN FIRM, PC
163 W. Main Street
Dothan, AL  36301
(334) 793-1555 – Phone

s/s Robert J. Camp
**ROBERT J. CAMP**
rcamp@cochranfirm.com
THE COCHRAN FIRM, PC
1929 3rd Avenue North, Ste. 800
Birmingham, AL  35203
(205) 244-1115 – Phone
(205) 244-1171 – Facsimile

***Attorneys for Plaintiffs***

SECOND AMENDED CLASS ACTION
COMPLAINT FOR DAMAGES, RESTITUTION
AND INJUNCTIVE RELIEF - 17

NELSON BOYD, PLLC
411 University Street, Suite 1200
Seattle, WA  98101
(206) 971-7601

1

2
## CERTIFICATE OF SERVICE

3
I hereby certify that on July 27, 2012, I caused to be served a copy of the foregoing Second Amended Class Action Complaint on the following persons in the manner indicated below at the following addresses:

4

5
Rudy A. Englund
EnglundR@LanePowell.com
**Lane Powell, PC**

6
1420 Fifth Avenue, Suite 4100
Seattle, WA  98101-2338

7

8
Ellen Brochetti
Ebronchetti@sheppardmullin.com
Paul Cowie

9
pcowie@sheppardmullin.com
**Sheppard Mullin Richter & Hampton LLP**

10
Four Embarcadero Center
17th Floor

11
San Francisco, CA  94111

12
    o  By **CM/ECF**
    o  By **Electronic Mail**

13

14
           __s/Jeffrey D. Boyd_____
           **Jeffrey D. Boyd**

15

16

17

18

19

20

21
CERTIFICATE OF SERVICE –
SECOND AMENDED COMPLAINT
Page 1 of 1

22
                     NELSON BOYD, PLLC
               1700 7th Avenue, Suite 2220
                   Seattle, WA  98101
                     (206) 971-7601

23

24