UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TROY SLACK, et al.,

Plaintiffs,

v.

SWIFT TRANSPORTATION CO. OF ARIZONA, LLC,

Defendant.

CASE NO. C11-5843 BHS

ORDER DENYING PLAINTIFFS' MOTION TO COMPEL

This matter comes before the Court on Plaintiffs' motion to compel (Dkt. 33). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On September 9, 2011, Plaintiffs filed an amended complaint against Defendant Swift Transportation Co. of Arizona, LLC ("Swift"), in the Pierce County Superior Court for the State of Washington. Dkt. 1, ¶ 5. Plaintiffs alleged six causes of action: (1) violation of Washington State minimum wage laws; (2) violation of Washington State

laws regarding payment of wages less than entitled; (3) failure to provide meal and rest breaks as required by Washington law; (4) willful refusal to pay wages, in violation of Washington law; (5) violation of Washington State Consumer Protection Act; and (6) unpaid wages on termination, in violation of Washington law. *Id.*, ¶ 7.

On October 12, 2012, Swift removed the action to this Court under the Class Action Fairness Act, 28 U.S.C. § 1332(d). *Id.*, ¶¶ 1–3.

On July 27, 2012, Plaintiffs filed a Second Amended Complaint adding two additional causes of action. Dkt. 29.

On January 24, 2013, Plaintiffs filed a motion to compel. Dkt. 33. On February 4, 2013, Swift responded. Dkt. 34. Plaintiffs did not reply. On February 19, 2013, Plaintiffs filed a supplement. Dkt. 36. On February 22, 2012, Swift responded to the supplement. Dkt. 37.

## II. FACTUAL BACKGROUND

Plaintiffs are current and former employee interstate drivers that performed work for Swift in the state of Washington, as well as several other states. In September 2011, Swift distributed an internal acknowledgement form ("Acknowledgement"). The form provides as follows: "All Washington based drivers are entitled to overtime pursuant to state law. Accordingly, the mileage rates in Washington State are higher than elsewhere because, in accordance with state law, Swift has built overtime into those rates." Dkt. 33, Exh. 10.

Plaintiffs served Swift with certain discovery requests regarding this form. Swift provided some information and objected to some of the requests.

**III. DISCUSSION**

If a party fails to answer an interrogatory or a request for production, the requesting party may move to compel disclosure. Fed. R. Civ. P. 37(a)(3)(B). Relevant information for purposes of discovery is information "reasonably calculated to lead to the discovery of admissible evidence." *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992) (citation omitted). District courts have broad discretion in determining relevancy for discovery purposes. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

In this case, Plaintiffs move to compel responses on three interrogatories and five requests for production. The first interrogatory asked for the identity of "each and every individual involved in the decision to develop, produce and/or disseminate the 'Acknowledgement' . . . ." Dkt. 33 at 5. Swift has provided the name of the person who drafted the Acknowledgement and the names of two managers that distributed the Acknowledgement. *Id*. at 6. Swift contends that Plaintiffs' attorney requested all names excluding counsel (Dkt. 34–1, Declaration of Paul Cowie, ¶ 3) and that it has identified every person involved, "excluding counsel." Dkt. 34 at 11. Plaintiffs have failed to reply to these contentions or show that the contentions are inaccurate. Therefore, the Court denies Plaintiffs' motion on the first interrogatory because Swift has shown that it has fully complied with the request.

The second interrogatory requests "Defendant Swift's definition of 'Washington based drivers' as that term is intended to be understood in the 'Acknowledgement' . . . ." Dkt. 33 at 7. Swift not only provided a full answer to this question, but also answered

Plaintiffs' revised question that was asked during counsel's conference. Dkt. 34 at 11–12. Therefore, the Court denies Plaintiffs' motion on the second interrogatory.

The third interrogatory requests the identities of individuals "who participated in and/or directed the function or process of building overtime into the rates paid to Swift's Washington based drivers . . . ." Dkt. 33 at 8. Swift contends that it provided names responsive to this request, exclusive of counsel. Dkt. 34 at 13. Plaintiffs have failed to show that this response is inadequate. Therefore, the Court denies Plaintiffs' motion on the third interrogatory.

The first request for production requests documents "evidencing the procedures, formulas and/or calculations associated with the process of *building overtime* into the rates paid to Swift's *Washington based drivers* . . . ." Dkt. 33 at 9. Swift objects that the overtime was built into Washington mileage rates (*see* Acknowledgement) and not paid to Swift's "Washington based drivers." Dkt. 34 at 14–15. The Court finds that this is a valid objection and Swift need not respond to this request. Therefore, the Court denies the motion as to this request.

The other requests for production requested materials relating to Swift's "Washington based drivers." Dkt. 33 at 9–12. Swift objects because it does not categorize its drivers as Washington based. Dkt. 34 at 15–19. Subject to that objection, Swift produced Washington pay matrices as well as non-Washington pay matrices. *Id*. The Court finds that Swift has stated a valid objection and otherwise fully responded. Therefore, the Court denies Plaintiffs' motion on the remaining requests.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Plaintiffs' motion to compel (Dkt. 33) is **DENIED.**

Dated this 5th day of March, 2013.

BENJAMIN H. SETTLE
United States District Judge