UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA

The Honorable Benjamin H. Settle

TROY SLACK, JACOB GRISMER, RICHARD ERICKSON, SCOTT PRAYE, GARY H. ROBERTS, ROBERT P. ULLRICH, HENRY LEDESMA, TIMOTHY HELMICK, DENNIS STUBER, ERIC DUBLINSKI, SEAN P. FORNEY, individually, and as Putative Class Representatives,

   Plaintiffs,

v.

SWIFT TRANSPORTATION CO. OF ARIZONA, LLC,

   Defendant.

NO. 3:11-cv-05843 BHS

DECLARATION OF ERIC DUBLINSKI

I, Eric Dublinski, do hereby declare:

1. I am a current employee of Swift Transportation and a named plaintiff in the above styled action. The information contained herein is based upon my personal knowledge, and I am submitting this declaration in support of Plaintiffs' Motion for Class Certification.

Declaration of Eric Dublinski - 1

NELSON BOYD, PLLC
411 University Street, Ste 1200
Seattle, WA 98010
(206) 971-7601

2. I have been continuously employed by Swift Transportation Company of Arizona, LLC ("Swift"), from April 2003 to the present. I worked for Swift as an interstate over-the-road (OTR) tractor-trailer driver, operating out of the Swift Terminal in Lewiston, Idaho, in 2003. From 2003 to 2006, I worked for Swift as a dedicated driver for the Wal-Mart Account in Hermiston, Oregon. In 2006, I transferred to Swift's Grandview Terminal where I have continued to work as a driver dedicated to the Wal-Mart account.

3. In 2003, I was required to attend Swift's multi-day Company Driver Orientation Training in Lewiston, Idaho. I received no payment related to my attendance of Swift's Company Driver Orientation.

4. After completing the Company Driver Orientation Training, I drove for a period of time with a mentor-trainer. During my training, I was paid a flat rate which equated to less than the minimum hourly wage.

5. Throughout my employment with Swift, I was and remain a resident of the State of Washington.

6. My home terminal from 2006 to the present, as assigned by Swift, has been and remains Grandview, Washington.

7. During my time as a Swift driver dedicated to the Wal-Mart account, I typically drive between 63 and 69 hours per week.

8. During my time as a Swift driver dedicated to the Wal-Mart account, my pay has been primarily based on an amount per mile driven (based on Rand McNally miles).

9. My base mileage rate of pay at the time I started driving for Swift was ___ and increased over time at predetermined time intervals to reflect my experience level at Swift (i.e., the length of time with Swift).

Declaration of Eric Dublinski - 2

NELSON BOYD, PLLC
411 University Street, Ste 1200
Seattle, WA 98010
(206) 971-7601

10. I am bringing a claim, individually, against Swift for unpaid overtime pay associated with mileage.

### MILEAGE OVERTIME CLAIM

11. On or about the summer or early fall of 2011, Swift distributed an "Acknowledgement" advising that Washington-based driver are entitled to overtime pay. The "Acknowledgement" form suggested that the mileage rate Swift paid Washington-based drivers was higher than the rates paid to non-Washington-based drivers, because "in accordance with state law, Swift has built overtime into those rates."

12. Even though I was told that I must sign the "Acknowledgement," I refused to sign the form. I did not agree that my mileage-based pay rate has ever included an amount to compensate me at an overtime rate for all driving time I worked over 40 hours in a week.

13. Before I received the "Acknowledgement" form, nobody from Swift had ever suggested that Washington-based driver mileage rates included an amount to compensate the driver for driving in excess of 40 hours per week.

14. Upon information and belief, the mileage rate Swift pays to its Grandview dedicated drivers, including me, is less than the mileage rate paid to drivers in Hermiston, Oregon, dedicated to the Wal-Mart account. Specifically, when I transferred from Hermiston to Grandview, my mileage rate was reduced by 3 cents.

15. At no time have I ever been provided with a breakdown of my pay information that indicated or designated any amount for overtime pay.

### CLASS REPRESENTATIVE OBLIGATIONS

16. I understand that I am making claims for overtime pay that Swift has denied me as a mileage paid driver based in a Swift terminal in Washington. I understand that I am also

Declaration of Eric Dublinski - 3

NELSON BOYD, PLLC
411 University Street, Ste 1200
Seattle, WA 98010
(206) 971-7601

1  offering and am willing to make the same type of claim, in a representative capacity, on

2  behalf of all the other Swift drivers who are Washington-based, who have been or who

3  are continuing to be paid by the mile, and who have been denied overtime pay in their

4  mileage pay going back as far as July 18, 2008.

5  17. I understand that I have an obligation to cooperate with the lawyers for the purpose of

6  fulfilling my duties as a class representative. I have tried to meet and fulfill those duties

7  to the best of my ability and will continue to do so if the Court certifies this case as a

8  class action.

9  I do declare under penalty of perjury under the laws of the United States of America that

10  the foregoing is true and correct to the best of my knowledge, information and belief.

Date: June 27, 2013

_____
Eric Dublinski

Declaration of Eric Dublinski - 4

NELSON BOYD, PLLC
411 University Street, Ste 1200
Seattle, WA 98010
(206) 971-7601