1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TROY SLACK, et al.,

                 Plaintiffs,

     v.

SWIFT TRANSPORTATION CO. OF ARIZONA, LLC,

                 Defendant.

CASE NO. C11-5843 BHS

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

This matter comes before the Court on Plaintiffs Troy Slack, Eric Dublinski, Richard Erickson, Sean P. Forney, Jacob Grismer, Timothy Helmick, Henry M. Ledesma, Scott Praye, Gary H. Roberts, and Dennis Stuber's ("Plaintiffs") motion for class certification (Dkt. 40). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On September 9, 2011, Plaintiffs filed an amended class action complaint in the Pierce County Superior Court for the State of Washington.  Dkt. 1, ¶ 5.  Plaintiffs assert six causes of action: (1) violation of Washington state minimum wage laws; (2) violation

1    of Washington state laws regarding payment of wages less than entitled; (3) failure to

2    provide meal and rest breaks as required by Washington law; ( 4) willful refusal to pay

3    wages, in violation of Washington law; ( 5) violation of Washington State Consumer

4    Protection Act; and ( 6) unpaid wages on termination, in violation of Washington law.

5    *Id.*, ¶ 7.

6        On October 12, 2011, Defendant Swift Transportation Co. of Arizona, LLC

7    ("Swift") removed the matter to this Court.  *Id.*

8        On June 28, 2013, Plaintiffs filed a motion for class certification.  Dkt. 40.  On

9    August 2, 2013, Slack responded.  Dkt. 57.  On August 23, 2013, Plaintiffs replied.  Dkt.

10    82.

11                        **II. FACTUAL BACKGROUND**

12        The facts are straightforward.  Plaintiffs are truck drivers employed by Swift.

13    Swift assigned Plaintiffs and other drivers to one of two terminals in Washington:

14    Grandview or Sumner.  Plaintiffs allege that they were not fully compensated, according

15    to Washington law, for the hours that they were employed.

16                              **III. DISCUSSION**

17        Plaintiffs move the Court to certify a class under Fed. R. Civ. P. 23(a) and (b).

18    Dkt. 40.  Plaintiffs' proposed class is as follows:

19           All current and former Swift employee interstate drivers who were
                assigned by Swift to a Washington position and/or terminal after July 18,

20          2008; and,
                (1) Who were paid by the mile and worked in excess of forty hours

21          in a week; or,
                (2) Who participated in and completed Swift's new driver

22        Orientation Program in a Washington location; or,

1           (3) Who participated in and completed Swift's student/mentor In-truck Training Program before November 12, 2012, while assigned to a
2         Washington position and/or terminal; or,
          (4) Who participated in Swift's Per Diem program for mileage-based
3         drivers.

4 *Id*. at 8.

5       Swift attacks the commonality and typicality elements of Rule 23(a) and contends

6 that Plaintiffs have failed to propose an adequate trial plan.  Dkt. 57 at 9.  Specifically,

7 Swift argues that certification is not possible for eight reasons: (1) Plaintiffs' claims

8 cannot be certified because determining who is subject to Washington laws is not tied to

9 terminal assignment; (2) there is no common evidence of class-wide liability regarding

10 overtime; (3) there is no common evidence of class-wide liability regarding orientation;

11 (4) there is no evidence of class-wide liability regarding in-truck training; (5) there is no

12 common evidence of class-wide liability regarding per diem; (6) Plaintiffs are not typical

13 of the class they seek to represent; (7) Plaintiffs' derivative claims cannot be certified;

14 and, (8) Plaintiffs have proposed no manageable trial plan.  Dkt. 57 at 10–33.

15 **A.      Rule 23(a)**

16       An individual who hopes to litigate a claim as a representative of a class must

17 satisfy the four requirements of Rule 23(a): numerosity, commonality, typicality, and

18 adequacy of representation.  *Comcast Corp. v. Behrend*, ___ U.S. ___, 133 S. Ct. 1426,

19 1432 (2013).  Class certification is proper only if the Court concludes, after a "rigorous

20 analysis," that the requirements are satisfied.  *Wang v. Chinese Daily News, Inc.*, ___

21 F.3d ___, 2013 WL 4712728, at *2 (9th Cir. Sept. 3, 2013) (quoting *Wal Mart Stores,*

22 *Inc. v. Dukes*, ___ U.S. ___, 131 S. Ct. 2541, 2552 (2011)).

1    **1.    Numerosity**

2    Numerosity is satisfied where "the class is so numerous that joinder of all

3    members is impracticable." Fed. R. Civ. P. 23(a)(1). "Numerosity is presumed where the

4    plaintiff class contains forty or more members." *In re Washington Mut. Mortgage-*

5    *Backed Securities Litigation*, 276 F.R.D. 658, 665 (W.D. Wash. 2011) (quoting *In re*

6    *Cooper Cos. Inc. Sec. Litig.*, 254 F.R.D. 628, 634 (C.D. Cal. 2009)).

7    In this case, Plaintiffs contend that there are over one thousand class members for

8    the overtime category, the orientation category, and the in-training category of drivers

9    and that there are 185 drivers in the per diem category of drivers.  Although Swift

10   challenges the definition of "Washington-based" drivers, it does not directly challenge

11   Plaintiffs' asserted class numbers.  Therefore, the Court finds that Plainitffs have satisfied

12   the numerosity requirement.

13   **2.    Commonality**

14   A plaintiff must show that "there are questions of law or fact common to the

15   class." Fed. R. Civ. P. 23(a)(2).  Defendants contend that there is neither a common class

16   of Washington-based drivers nor a common question of liability for each subclass of

17   claims.

18   **a.    Washington-Based Drivers and Minimum Wage**

19   In *Bostain v. Food Express, Inc.*, 159 Wn.2d 700 (2007), the Washington Supreme

20   Court held that Washington's minimum wage statute ("MWA") applied to all

21   "Washington-based" drivers.  With regard to whether an employee was "Washington

22

1  based," the court held that the analysis "will depend on factors that courts routinely use

2  for deciding choice of laws issues." *Id.* at 713 n.5.

3        In this case, Swift contends that the "Washington-based" analysis is not common

4  across the class members.  First, Swift argues that the Court *must* engage in a choice of

5  law analysis as to each proposed member of the class.  Dkt. 57 at 10–11.  Swift, however,

6  misreads *Bostain*.  Although *Bostain* held that the analysis "will depend on factors . . . for

7  choice of law issues," the court did not hold that analysis depends on all of the factors in

8  choice of law issues.  In fact, *Bostain* involved a commerce clause issue and the court

9  analyzed the balancing test set forth in *Pike v. Bruce Church, Inc.*, 397 U.S. 137, 142

10  (1970).  Under that test, the court held that enforcement of the MWA on hours worked

11  outside of Washington by a Washington-based employee did not "create irreconcilable

12  obligations" and did "not rise to the level of an impermissible burden, given the

13  importance of the legitimate local public interest at stake."  *Bostain*, 159 Wn.2d at 719–

14  721.  Based on this reading of *Bostain*, the Court declines to impose a choice of law

15  analysis on each proposed class member.

16        Next, Swift attacks Plaintiffs' "terminal-based" approach.  In the opening brief,

17  Plaintiffs' proposed class consisted of all drivers "who were assigned to a Washington

18  position and/or terminal . . . ."  Dkt. 40 at 8.  In their reply brief, Plaintiff split this

19  proposed class into (1) dedicated drivers and (2) Over the Road ("OTR") drivers.  Dkt. 82

20  at 3.  Plaintiffs contend that dedicated drivers consist of drivers that may drive to other

21  states such as Oregon, Idaho, and Montana, but always start and end their shifts at a

22  Washington terminal.  *Id.* at 3–5.  Moreover, the routes they are assigned are directly

1  correlated to that Washington terminal.  *Id*.  Plaintiffs contend that Swift "tacitly

2  concedes" that the dedicated drivers are Washington-based.  *Id*. at 3.  Plaintiffs, however,

3  fail to recognize that Swift did not have an opportunity to respond to this new argument

4  raised for the first time in the reply brief.  Thus, the tacit concession is, if anything, based

5  on a violation of due process.  However, the Court finds that this class of drivers would

6  fall squarely within the type of employee contemplated by *Bostain*.  For example,

7          [Food Express's] operations principally involve[d] picking up
         container loads of bulk products shipped into Washington by rail and
8          delivering them to places in Washington, Oregon, and Idaho.
                 Mr. Bostain was hired by Food Express on August 6, 1992, as an
9          interstate truck driver based at the Vancouver terminal. Bostain lived in
         Clark County, Washington, and worked out of the Vancouver terminal the
10         entire time he worked for Food Express. Dispatchers at the terminal gave
         him his orders, and he began and ended his runs there. He also turned in his
11         time and picked up his paychecks, which were issued from the Arcadia
         office, at the Vancouver terminal. He drove with a Washington driver's
12         license.

13  *Bostain*, 159 Wn.2d at 706.  Therefore, the Court finds that Plaintiffs have satisfied

14  commonality with regard to the designated drivers.

15         With regard to the OTR drivers, the Court is not yet persuaded that common

16  questions of fact or law exist as to this proposed group.  Plaintiffs argue that terminal

17  assignment is the most significant contact for OTR drivers.  Dkt. 82 at 5.  Actual

18  examples, however, undercut the significance of such an assignment.  Swift submits the

19  declaration of Nathaniel Thomas to support its contention that *Bostain* cannot be applied

20  to Plaintiffs' proposed class.  Mr. Thomas declares that:

21         he signed his contract with Swift in Edwardsville, Kansas; attended
         orientation in Edwardsville, Kansas; lives in Sacramento, California;
22         receives his dispatches from the nearest terminal while he is on the road;

1    begins and ends his runs at terminals throughout the United States; submits

2    his DOT logs electronically; is paid electronically regardless of where he is
     located; has a Kansas CDL; and has "only spent 4 or 5 days in the state of
3    Washington" since he started driving for Swift.

4    Dkt. 76, Declaration of Nathaniel Thomas, ¶¶ 1, 3–4, 6–13.  The Court is unable to

5    conclude that the *Bostain* majority intended the MWA to protect Mr. Thomas or that

6    failure to pay Mr. Thomas is an important and legitimate local public interest.  Therefore,

7    the Court finds that common questions of law or fact do not exist over the proposed class

8    of OTR drivers.

9                    **b.**     **Computing Overtime**

10           Swift contends that liability for unpaid overtime cannot be established on a class-

11   wide basis.  Dkt. 57 at 16–21.  Under the unique circumstances of this case, the Court

12   disagrees.  Once a determination that the MWA applies to the Washington-based direct

13   drivers (hereinafter "the Minimum Wage Class" or "MWC"), an individual computation

14   must be done for each class member.  If a particular member did not work overtime, that

15   member did not suffer damages, and vice versa.  The Court finds that an individual

16   inquiry as to each member's hours does not eviscerate the common question of law as to

17   the MWC.  Therefore, the Court finds that Plaintiffs have met their burden as to

18   commonality of the MWC.

19                   **c.**     **Orientation**

20           It is undisputed that Swift "operates a two to three day pre-employment orientation

21   during which drivers voluntarily attend to learn about being a truck driver and to take

22   various tests."  Dkt. 57 at 22.  Swift argues that the Court must engage in a six-part

1    analysis for each employee on the issue of whether time spent during orientation must be

2    compensated.  Dkt. 57 at 22–26.  Plaintiffs counter that Swift's argument is "unfounded"

3    and that courts "have routinely certified orientation claims," including an Oregon class

4    against Swift.  Dkt. 82 at 13.  The Court agrees and finds that there are common

5    questions of law or fact regarding an orientation class.

6                    **d.       In-Truck Training**

7          It is undisputed that "Swift operates an in-truck training program for some of its

8    less experienced drivers that requires differing degrees of training depending upon the

9    driver's experience."  Dkt. 57 at 26.  Swift argues that Plaintiffs' motion to certify this

10   class fails because Plaintiffs have failed to define a common class and there are no

11   common questions of liability.  *Id*.  The Court agrees.  However, the Court also

12   recognizes a possibility of certifying a sub-class similar to the MWC if Plaintiffs propose

13   limitations to separate the trainees who were trained with the direct drivers (*see* Dkt. 57 at

14   27 (re: Plaintiff Praye)) as opposed to the trainees who were flown to California to train

15   with a driver based in Arizona (*see id.* at 26 (re: Ian Getman)).  Therefore, the Court finds

16   that Plaintiffs have failed at this point to show common questions regarding the proposed

17   in-truck training class.

18                   **e.       Per Diem**

19         Swift operated a per diem payment plan in which it reduced the taxable mileage

20   rate by 10 cents and paid a non-taxable rate of 8.5 cents per mile.  This payment structure

21   resulted in higher take-home pay for the drivers who participated in the program.

22   Plaintiffs contend that the pay structure violated WAC 296-126-028(3) and seek to certify

1 a class of Washington-based drivers.  Swift argues that Plaintiffs have failed to

2 sufficiently identify Washington-based drivers and that liability is an individual inquiry.

3 Dkt. 57 at 29-32.  With regard to Washington-based drivers, the Court has addressed that

4 question and found for Plaintiffs on the class of dedicated drivers.  With regard to

5 liability, Swift attempts to turn its per diem policy into an individualized contract

6 between Swift and each driver participating in the program.  The Court is not persuaded

7 that an individualized inquiry is necessary to determine whether the policy violated

8 Washington law.  Therefore, the Court finds that Plaintiffs have shown that common

9 questions of fact and law exist regarding a per diem class ("PDC").

10      **3.      Typicality**

11          Under Rule 23(a), Plaintiffs must prove that the "action is based on conduct that is

12 not unique to the named plaintiffs, and whether other class members have been injured in

13 the same course of conduct."  *Fosmire v. Progressive Max Ins. Co.*, 277 F.R.D. 625, 632

14 (W.D. Wash. 2011).

15          In this case, Swift argues that the named Plaintiffs' injuries are not typical of the

16 proposed class.  The Court agrees with respect to OTR drivers, but disagrees with respect

17 to dedicated drivers.  Plaintiffs who are dedicated drivers and have allegedly suffered

18 injuries based on Swift's policies are typical of a proposed class of dedicated drivers.

19 Therefore, the Court finds that Plaintiffs have met their burden on this element as to

20 dedicated drivers..

21

22

1     **4.**     **Adequacy**

2     There is no dispute regarding the adequacy of Plaintiffs' counsel, and the Court

3 finds that Plaintiffs have met their burden on this prong.

4 **B.**     **Rule 23(b)(3)**

5     Plaintiffs argue that a class should be certified because common issues

6 predominate over individual issues and because a class action is the superior method to

7 adjudicate the issues. Dkt. 40 at 16–22. Swift does not contest these assertions, and the

8 Court agrees with Plaintiffs. Therefore, the Court finds that Plaintiffs have met their

9 burden on this issue.

10 **C.**     **Other Issues**

11     Plaintiffs move to strike Swift's brief and evidence (Dkt. 82 at 16), and Swift

12 contends that Plaintiffs' derivative claims cannot be certified and that Plaintiffs have not

13 proposed a manageable trial plan (Dkt. 57 at 33). With regard to Plaintiffs' motion, the

14 Court declines to strike Swift's submission because of formatting issues. With regard to

15 Plaintiffs' derivative claims, Swift's one-sentence objection is not persuasive and it does

16 not appear that Plaintiffs request certification of derivative claims. With regard to a

17 manageable trial plan, this is a predominance issue within the discretion of the Court and

18 is not a mandatory requirement of class certification. The Court is satisfied that Plaintiffs

19 have met their burden on the issue of predominance.

20

21

22

1

# IV. ORDER

2      Therefore, it is hereby **ORDERED** that Plaintiffs' motion for class certification

3   (Dkt. 40) is **GRANTED in part** and **DENIED in part** as set forth herein.  The Court

4   certifies a class as follows:

5          All current and former Swift employee designated drivers who were
       assigned by Swift to a Washington position and/or terminal after July 18,
6      2008; and,
              (1) Who were paid by the mile and worked in excess of forty hours
7      in a week; or,
              (2) Who participated in and completed Swift's new driver
8      Orientation Program in a Washington location; or,
              (3) Who participated in Swift's Per Diem program for mileage-based
9      drivers.

10     Dated this 20th day of November, 2013.

11

12

13                                          BENJAMIN H. SETTLE
                                            United States District Judge

14

15

16

17

18

19

20

21

22

ORDER - 11