UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TROY SLACK, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, <br><br> Defendant. | CASE NO. C11-5843 BHS <br><br> ORDER DENYING MOTION FOR RECONSIDERATION |

This matter comes before the Court on Defendant Swift Transportation Co. of Arizona, LLC's ("Swift") motion for reconsideration of the Court's order granting class certification (Dkt. 84). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On June 28, 2013, Plaintiffs Troy Slack, Eric Dublinski, Richard Erickson, Sean P. Forney, Jacob Grismer, Timothy Helmick, Henry M. Ledesma, Scott Praye, Gary H.

Roberts, and Dennis Stuber ("Plaintiffs") filed a motion for class certification. Dkt. 40. On August 2, 2013, Slack responded. Dkt. 57. On August 23, 2013, Plaintiffs replied. Dkt. 82. On November 20, 2013, the Court granted the motion and certified a smaller, more defined class than Plaintiffs originally proposed. Dkt. 83.

On December 4, 2013, Swift filed a motion for reconsideration. Dkt. 84. On December 9, 2013, the Court requested a response. Dkt. 85. On January 3, 2013, Plaintiffs responded. Dkt. 86. On January 10, 2013, Swift replied. Dkt. 87.

## II. DISCUSSION

Motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1).

In this case, Swift argues that they were prejudiced by a violation of due process but stops short of asserting that the Court committed a manifest error of law. The Court engaged in a rigorous analysis of Rule 23's requirements. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). When Swift showed that Plaintiffs' proposed class was unworkable, the Court was faced with two decisions: (1) deny the motion to certify the proposed class or (2) certify a more defined class in accordance with the substantive law of Washington. The Court concluded that there was a class of Plaintiffs that fell "squarely" within the Washington Supreme Court decision of *Bostain v. Food Express,*

*Inc.*, 159 Wn.2d 700 (2007).  The Court is unaware of any authority that holds that the Court abused its discretion by accepting Swift's arguments that the proposed class was unworkable, yet concluding that a smaller, more defined class was workable and met Rule 23's requirements.  In cases where the law was not so clear, the Court may have committed error.  But, in this case, the law of the state clearly applies to the drivers within the certified class.  Therefore, the Court finds that it did not commit a manifest error of law.

Swift argues that, given the opportunity to collect and present evidence, it would show that the certified class is also unworkable.  This case is over two years old and Swift has had sufficient time to collect evidence.  Moreover, the Court based its decision on declarations that are in the record and cites were provided in the order.  If Swift has a basis to narrow or attack the scope of the class, then it may do so through a Rule 23(c)(1)(C) motion.  However, the Court is not persuaded that the certification order should be vacated in its entirety.

### III. ORDER

Therefore, it is hereby **ORDERED** that Swift's motion for reconsideration (Dkt. 84) is **DENIED.**

Dated this 23rd day of January, 2014.

BENJAMIN H. SETTLE
United States District Judge