UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TROY SLACK, et al.,

            Plaintiffs,

     v.

SWIFT TRANSPORTATION CO. OF
ARIZONA, LLC,

          Defendant.

CASE NO. C11-5843 BHS

ORDER GRANTING IN PART
AND DENYING IN PART
PLAINTIFFS' MOTION FOR
APPROVAL OF NOTICE PLAN
AND NOTICE FORM

This matter comes before the Court on Plaintiffs' motion for approval of notice

plan and notice form (Dkt. 93). The Court has considered the pleadings filed in support of

and in opposition to the motion and the remainder of the file and hereby grants in part

and denies in part the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On November 20, 2013, the Court granted in part Plaintiffs' motion to certify class

and certified a more limited class than Plaintiffs originally requested.  Dkt. 83.  On May

8, 2014, Plaintiffs filed the instant motion asserting that the parties were unable to agree

1    on a notice to the certified class.  Dkt. 91.  On May 19, 2014, Defendant Swift

2    Transportation Co. of Arizona, LLC ("Swift") responded.  Dkt. 93.  On May 23, 2014,

3    Plaintiffs replied.  Dkt. 96.

4                                    **II. DISCUSSION**

5         Plaintiffs request that the Court (1) correct an error in the certified class and (2)

6    approve the notice form and notice plan.  Dkt. 91.

7    **A.      The Class**

8         Plaintiffs argue that the Court erroneously defined the class as "designated

9    drivers" when it should have used "dedicated drivers."  Dkt. 91 at 2–5.  Swift claims that

10   the current class definition is fundamentally flawed, Plaintiffs are attempting to

11   improperly expand the class definition, and the proposed class is unworkable.  Dkt. 93.

12   First, Swift has had sufficient opportunity to seek review of the Court's certification (Fed.

13   R. Civ. P. 23(f)) and file a motion to alter or amend the Court class definition (Fed. R.

14   Civ. P. 23 (c)(1)(C)).  Failing to do either undercuts Swift's arguments regarding the

15   "inequity of certifying a class that Defendant was never given an opportunity to oppose."

16   Dkt. 93 at 7.  Moreover, it is illogical for Swift to argue that it did not have an

17   opportunity "to respond" in its response.  Dkt. 93 at 6.  Therefore, to the extent that Swift

18   argues certification issues, the Court finds these arguments to be without merit.

19         Second, the Court clearly meant to state "dedicated" instead of "designated."  In

20   adopting Plaintiffs' sub-class of drivers, the Court cited to Plaintiffs' brief which

21   provided "the dedicated drivers assigned to Grandview and Sumner . . . ."  Dkt. 82 at 3.

22   Moreover, Swift initially introduced the term "dedicated drivers" in its class certification

1    response brief.  Dkt. 57 at 7 ("named Plaintiffs consist of a small selection of 'dedicated

2    drivers' who perform a limited scope of work.").  It is puzzling that Swift now asserts

3    that it "does not use the term 'dedicated' with respect to its drivers."  Dkt. 93 at 8:21.

4    Regardless, the Court grants Plaintiffs' motion on this issue and "dedicated" is

5    substituted for "designated."

6    **B.    The Notice Form**

7         Plaintiffs argue that their "Notice Plan and Notice Form is reasonable and the best

8    Notice practicable, but it depends on Swift identifying class members to the extent

9    possible."  Dkt. 96 at 8.  While this may be true, the Court declines to grant Plaintiffs'

10   motion on this issue for two reasons.  First, they failed to fully meet and confer with

11   Swift regarding Swift's proposed changes to the notice.  Although Swift's objections

12   were in part based on the position that a class should not have been certified, this order

13   should lay those objections to rest and allow the parties to work together to identify the

14   class members.  Moreover, workers shall not be denied legal wages because the

15   employer's accounting and employee classification system is complicated and/or

16   burdensome.

17        Second, Plaintiffs have again violated the procedural rules and submitted

18   additional evidence with their reply brief.  *See* Dkt. 97.  The Court grants Swift's motion

19   to strike this material, and the Court did not consider this material.

20        While the Court agrees with Swift that the "class notice must include a definition

21   of 'dedicated' that enables the parties to identify to whom to send the notice and for

22   drivers to know if they are in the class," the current briefing deals with other issues.  The

1  parties shall meet and confer regarding an acceptable definition.  If they are unable to

2  agree, then a concrete issue may be presented to the Court for consideration.

3                                        **III. ORDER**

4        Therefore, it is hereby **ORDERED** that Plaintiffs' motion for approval of notice

5  plan and notice form is **GRANTED in part** and **DENIED in part without prejudice**.

6        Dated this 19 day of June, 2014.

7

8                                        _____

9                                        BENJAMIN H. SETTLE
                                         United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 4