1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TROY SLACK, et al.,

                Plaintiffs,

      v.

SWIFT TRANSPORTATION CO. OF
ARIZONA, LLC,

                Defendant.

CASE NO. C11-5843BHS

ORDER GRANTING
PLAINTIFFS' RENEWED
MOTION

      This matter comes before the Court on Plaintiffs Eric Dublinski, Richard Erickson,

Sean Forney, Jacob Grismer, Timothy Helmick, Henry Ledesma, Scott Praye, Gary

Roberts, Troy Slack, Dennis Stuber, and Robert Ulrich's ("Plaintiffs") renewed motion

for approval of class notice and class notice distribution plan (Dkt. 153).

      On November 20, 2013, the Court certified a class.  Dkt. 83.  On February 18,

2016, Plaintiffs filed the instant motion requesting approval of a class notice and

distribution plan.  Dkt. 153.  On February 29, 2016, Defendant Swift Transportation Co.

of Arizona, LLC ("Swift") responded.  Dkt. 160.  On March 4, 2016, Plaintiffs replied.

Dkt. 163.

1    In any class action certified under Rule 23(b)(3), notice of class certification must

2  be provided to class members using the "best notice practicable under the circumstances,

3  including individual notice to all members who can be identified through reasonable

4  effort." Fed. R. Civ. P. 23(c)(2)(B).  The class notice must "concisely and clearly state in

5  plain, easily understood language" the following: (i) the nature of the action; (ii) the

6  definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class

7  member may enter an appearance through an attorney; (v) that the court will exclude

8  from the class any member who requests exclusion; (v) the time and manner for

9  requesting exclusion; and (vi) the binding effect of a class judgment on class members.

10  Fed. R. Civ. P. 23(c)(2)(B).

11    In this case, the Court agrees with Plaintiffs that the proposed class notice is the

12  best notice practicable to clearly and concisely apprise potential class members of the

13  requirements of Rule 23(c)(2)(B).  Swift's proposed changes fail to add any additional

14  clarification to any of the issues for this class.  Therefore, the Court grants Plaintiffs'

15  motion on the proposed class notice.

16    With regard to the proposed distribution plan, the Court also agrees with Plaintiffs

17  that the plan is reasonable and should be approved.  Swift objects on the ground that the

18  plan will cause it to incur unnecessary expenses, but Plaintiffs' counsel has offered to

19  cover those expenses.  Therefore, the Court grants Plaintiffs' motion on the proposed

20  distribution plan as well.

21    Finally, Plaintiffs request that the Court order Swift to produce information to

22  identify potential class members within twenty days.  Swift contends that it will take

1  "some months" to identify the drivers.  Dkt. 160 at 9.  The Court will grant Swift thirty

2  days to produce the requested information.  If Swift is unable to meet this deadline, then

3  Swift may file a request for an extension identifying the specific issues that require

4  additional time.

5      **IT IS SO ORDERED**.

6      Dated this 1st day of April, 2016.

7

8  _____
   BENJAMIN H. SETTLE

9  United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 3