The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TROY SLACK, JACOB GRISMER, RICHARD ERICKSON, SCOTT PRAYE, GARY H. ROBERTS, ROBERT P. ULLRICH, HENRY LEDESMA, TIMOTHY HELMICK, DENNIS STUBER, ERIC DUBLINSKI, SEAN P. FORNEY, individually and as Class Representatives,

Plaintiffs,

v.

SWIFT TRANSPORTATION CO. OF ARIZONA, LLC,

Defendant.

CLASS ACTION

No. 3:11-cv-05843-BHS

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

This matter comes before the Court on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, filed September 20, 2017 ("Preliminary Approval Motion"). Plaintiff Class Representatives[1] and Defendant Swift Transportation Company of Arizona, LLC, entered into a Class Action Settlement Agreement and Release, dated September 20, 2017 ("Settlement Agreement" or "Settlement") to settle the above-captioned lawsuit. The Settlement Agreement

[1] Troy Slack, Jacob Grismer, Richard Erickson, Scott Praye, Gary H. Roberts, Robert P. Ullrich, Henry Ledesma, Timothy Helmick, Dennis Stuber, and Sean Forney. Mr. Dublinski died during the pendency of the case.

1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

sets forth the terms and conditions for a proposed Settlement and dismissal with prejudice of Swift.

The Court has considered the Preliminary Approval Motion, and the associated Declarations, the Settlement Agreement, the proposed Settlement Notice, the arguments of counsel, and the record in this case. The Court hereby gives its preliminary approval to the Settlement, finds that the Settlement is sufficiently fair, reasonable, and adequate to allow dissemination of notice of the Settlement to the Class and to hold a Fairness Hearing; orders that Settlement Notice be sent to the Class in accordance with the Settlement Agreement and this Order, and schedules a Fairness Hearing to determine whether the proposed Settlement is fair, reasonable, and adequate.

**IT IS HEREBY ORDERED AND ADJUDGED:**

1. The Settlement Agreement is hereby incorporated by reference in this Order, and all terms and phrases used in this Order shall have the same meaning as in the Settlement Agreement.

2. This Court has subject matter jurisdiction to approve the Settlement Agreement.

3. The Court preliminarily approves the Settlement Agreement and finds that the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant providing notice to the Class.

4. The Court appoints Kurtzman Carson Consultants (KCC) as the Settlement Administrator. KCC shall administer the Settlement in accordance with the terms and conditions of this Order, and the Settlement Agreement.

5. Settlement Notice. The Court approves the proposed notice plan. The Settlement Administrator, using data supplied by Swift as provided in the Settlement Agreement, will attempt in good faith to identify Class Members' last known mailing addresses. Class Counsel, by and through the Settlement Administrator, will provide notice of the settlement to Class Members by: (i) First-Class Mail in a form substantially similar to the form attached as Exhibit 1 to the Declaration of Alan Vasquez Regarding Class Action Notice Qualifications and

HAGENS BERMAN
1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

Administration Experience ("Settlement Notice"); and (ii) a content-neutral website that will contain the mailed Settlement Notice, as well as further information about the Settlement, including access to the Agreement itself, as well as certain pleadings ("Settlement Website").

6. Class Counsel and the Settlement Administrator shall use their best efforts to complete the Class Notice process by the **Mailed Notice Date** listed in Paragraph 19 of this Order.

7. The Court finds that the procedures outlined in the Settlement Agreement and in the Vasquez Declaration for identifying potential Class Members and providing notice to them constitute reasonable notice and the best practicable notice under the circumstances and an appropriate and sufficient effort to locate current addresses for potential Class Members such that no additional efforts to do so shall be required.

8. The Court finds that the Settlement Notice plan, including the form, content, and method of dissemination of the Settlement Notice to Class Members as described in the Settlement Agreement and in the Vasquez Declaration, (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Lawsuit and of their right to object to and/or exclude themselves from the proposed Settlement; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meets all applicable requirements of Federal Rule of Civil Procedure 23 and due process.

9. The Court approves the Plan of Allocation of class settlement funds, as set forth in the Settlement Agreement and the Settlement Notice, and finds that the proposed Plan of Allocation is fair, reasonable, and adequate.

10. Exclusions and Objections. The Court approves the procedures set forth in the Settlement Agreement and the Settlement Notice for exclusions from and objections to the Settlement. Any Class Member who wishes to be excluded from or object to the Settlement must comply with the terms set forth in the Settlement Agreement and Settlement Notice. Class Members who wish to exclude themselves from ("opt out of") the Settlement must serve on the

HAGENS BERMAN
1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

Administrator, and counsel, a written request for exclusion ("Exclusion Request") by the Exclusion and Objection Deadline listed in Paragraph 19 of this Order, as provided in the Settlement Notice. Class Counsel shall submit the name of all Class Members who submit Exclusion Requests to the Court at the time Class Counsel file their motion for final approval of the Settlement.

11. All Class Members will be bound by the Judgment dismissing the Lawsuit with prejudice unless such Class Members timely file a valid Exclusion Request. Any Class Member who submits a timely Exclusion Request shall be deemed to have waived any rights or benefits under the Settlement Agreement.

12. The Court preliminarily enjoins all Class Members, unless and until they submit a timely Exclusion Request pursuant to the Settlement Agreement, (i) from filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the Released Claims; and (ii) from filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Class Members, based on the Released Claims.

13. Class Members who wish to object to any aspect of the Settlement must file with the Court a written statement containing their objection ("Objection") by the **Exclusion and Objection Deadline** listed in Paragraph 19 of this Order, as provided in the Class Notice. Any Settlement Class Member who does not make his or her objection in the manner provided in the Class Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement as set forth in this Settlement Agreement, to the Plan of Allocation, and/or to the award of attorneys' fees and expenses to Class Counsel.

14. Any attorney hired by, representing, or assisting (including, but not limited to, by drafting or preparing papers for a Class Member) a Class Member for the purpose of objecting to any term or aspect of the Settlement Agreement or to the proposed Settlement or intervening in

HAGENS BERMAN
1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

the Lawsuit shall mail to the Administrator and file with the Clerk of the Court a notice of appearance no later than the **Exclusion and Objection Deadline** listed in Paragraph 19 of this Order.

15. The Court directs the Administrator promptly to furnish Class Counsel and Swift counsel copies of any and all objections, motions to intervene, notices of intention to appear, and other communications that come into its possession (except as otherwise expressly provided in the Settlement Agreement).

16. The Court stays all proceedings against Swift in the Lawsuit until further order of the Court, except that the Parties may conduct such limited proceedings as may be necessary to implement the proposed Settlement or to effectuate its terms.

17. Class Counsel shall file a petition for fees, expenses, and incentive awards by the **Fee Petition Deadline** listed in Paragraph 19 of this Order. Class Counsel shall file a motion for final approval and responses to any objections/Fee Petition replies by the **Motion for Final Approval of Settlement and Responses to Objections Deadline** listed in Paragraph 19 of this Order.

18. The **Fairness Hearing** shall be held at the date and time listed in Paragraph 19 of this Order, for the purpose of determining (a) whether the Settlement is fair, reasonable, and adequate and should be finally approved by the Court; (b) the merit of any objections to the Settlement; (c) the requested Fee and Expense Award to Class Counsel; (d) the requested Incentive Awards to the Settlement Class Representatives; and (e) entry of the District Court Approval Order and Judgment approving the Settlement.

19. The Court directs that the following deadlines are established by this Order. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Class.

a. **Swift to Provide Class Data to Settlement Administrator: 10/20/2017** **(**within 7 days following entry of this Order)[2]

[2] If, notwithstanding its diligent and concerted efforts, Swift cannot provide the Settlement Administrator with the Class Data by this date, and this inability affects the Settlement Notice date, or any other dates set by the

HAGENS BERMAN
1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

    b. **Mailed Notice Date: 11/20/2017**

(within 30 days following receipt of class data)

c. **Exclusion and Objection Deadline: 12/26/2017**

(within 33 days following Mailed Notice Date)

d. **Fee Petition Deadline: 12/12/2017**

(by 14 days before the Exclusion and Objection Deadline)

e. **Motion for Final Approval of Settlement and Responses to Objections Deadline** 1/9/2018

(two weeks after objection deadline/at least 2 weeks prior to the Fairness Hearing)

f. **Fairness Hearing: 1:30 PM on 1/29/2018**

(at least 100 days after the date of this Order)

20. The Court reserves the right to adjourn, continue or otherwise change the date of the Fairness Hearing without further notice to the members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement Agreement. The members of the Settlement Class are advised to confirm the date of the Fairness Hearing as set forth in the Settlement Notice. The Court may approve the Settlement Agreement, with such modifications as may be agreed to by the settling parties, if appropriate, without further notice to the Settlement Class.

**IT IS SO ORDERED**.

Dated this 10th day of October, 2017

BENJAMIN H. SETTLE
United States District Judge

Agreement or this Order, it must produce the data as soon as practicable and the parties will immediately confer on a reasonable revised schedule and promptly seek Court approval of that schedule.






1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

*Presented by*:

HAGENS BERMAN SOBOL SHAPIRO LLP

By: *s/ Steve W. Berman*
By: */s/ Thomas E. Loeser*
By: */s/ Jeniphr Breckenridge*
Steve W. Berman, WSBA #12536
Thomas E. Loeser, WSBA# 38701
Jeniphr Breckenridge, WSBA #21410
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
toml@hbsslaw.com
jeniphr@hbsslaw.com

*Attorneys for Plaintiffs*

