UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TROY SLACK, et al.,<br><br>          Plaintiffs,<br><br>  v.<br><br>SWIFT TRANSPORTATION CO. OF ARIZONA, LLC,<br><br>          Defendant. | CASE NO. C11-5843 BHS<br><br>ORDER DENYING MOTIONS TO ENFORCE AND VACATING ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT |

This matter comes before the Court regarding the Court's order granting Plaintiffs Eric Dublinski, Richard Erickson, Sean Forney, Jacob Grismer, Timothy Helmick, Henry Ledesma, Scott Praye, Gary Roberts, Troy Slack, Dennis Stuber, and Robert Ulrich's ("Plaintiffs") motion for preliminary approval of class action settlement (Dkt. 278) and Defendant Swift Transportation Co. of Arizona, LLC ("Swift") and Plaintiffs' motions to enforce. Dkts. 282, 284.

On October 10, 2017, the Court granted Plaintiffs' motion for preliminary approval of class action settlement. Dkt. 278. On December 7, 2017, the Court entered an order establishing a briefing schedule to address an issue regarding the scope of the class settlement. Dkt. 281. On December 21, 2017, the parties filed opening briefs. Dkts. 282, 284. On January 8, 2018, the parties filed responses. Dkts. 286, 288. On March 20, 2018, the Court held a hearing on the motions. Dkt. 291.

ORDER - 1

First, the Court must address the scope of the class. The Court certified the class as follows: "All current and former Swift employee designated drivers who were assigned by Swift to a Washington position and/or terminal after July 18, 2008 . . . who were paid by the mile and worked in excess of forty hours in a week . . . ." Dkt. 83 at 11. The Court subsequently substituted the word "dedicated" for "designated." Dkt. 99 at 3. The Court approved class notice that provided as follows:

> For purposes of this class action, "dedicated driver" means any current or former employee driver who, at any time after July 18, 2008, was assigned by Swift to a terminal and/or customer facility physically located in the state of Washington and, during that assignment, drove routes for a single specified customer account.
> Drivers who were exclusively over-the-road drivers are expressly excluded from the Class.

Dkt. 153-1 at 2. The Court also ordered Swift to "produce information to identify potential class members . . . ." Dkt. 168 at 2–3.

Based on this information, Swift produced an initial class list of 2,764 potential class members. Swift's attorney conceded that the list potentially included up to 1,200 drivers who may have exclusively been over-the-road drivers. Dkt. 285-1 at 2. Swift's expert, Angela Sabbe, performed a "walk down" of that list based on position codes provided by Swift. Ultimately, she determined that "1,482 drivers were paid during the class period in at least one of the mileage-paid, dedicated driver position codes." Dkt. 218-1 at ¶ 16. Relevant to the instant issue, it is undisputed that within the drivers that Ms. Sabbe excluded could be drivers with overtime claims based on occasional or sporadic assignments. This possibility exists because the class was set up to *exclude* drivers that were *exclusively* over-the-road. If an over-the-road driver worked an

occasional shift on a dedicated account and worked over 40 hours, then that driver may have a claim for unpaid overtime. It is unclear how many of these potential claims exist.

Second, Plaintiffs' attorneys negotiated the settlement on behalf of the 1,482 drivers in Ms. Sabbe's final list. The attorney conceded at the hearing that she did not negotiate on behalf of any occasional or sporadic driver that Ms. Sabbe excluded. The Federal Rules of Civil Procedure provide that class action claims may only be settled with the Court's approval. Fed. R. Civ. P. 23(e). "The primary concern of this subsection is the protection of those class members, including the named plaintiffs, whose rights may not have been given due regard by the negotiating parties." *Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco*, 688 F.2d 615, 624 (9th Cir. 1982).

In this case, it is possible that some class members were not given due regard by the negotiating parties. The list of potential claimants was narrowed through specific pay codes used by Swift. In doing so, the parties may have excluded drivers with claims that worked only occasionally or sporadically. This error not only affects the rights of these drivers, but may also reduce the amount of other overtime class members' claims. Thus, the proposed settlement contains an obvious deficiency that is fatal to preliminary approval. *Zepeda v. Paypal, Inc.*, C10-1668 SBA, 2015 WL 6746913, at *4 (N.D. Cal. Nov. 5, 2015). Accordingly, the Court **VACATES** its order granting Plaintiffs' motion for preliminary approval, Dkt. 278, and **DENIES** the parties' motions as moot, Dkts. 282, 284.

The parties shall submit a joint status report on how they intend to proceed no later than April 20, 2018.

**IT IS SO ORDERED**.

Dated this 10th day of April, 2018.

_____
BENJAMIN H. SETTLE
United States District Judge