The Honorable Benjamin H. Settle

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| TROY SLACK, JACOB GRISMER, RICHARD ERICKSON, SCOTT PRAYE, GARY H. ROBERTS, ROBERT P. ULLRICH, HENRY LEDESMA, TIMOTHY HELMICK, DENNIS STUBER, ERIC DUBLINSKI, SEAN P. FORNEY, individually and as Class Representatives,<br><br>Plaintiffs,<br><br>v.<br><br>SWIFT TRANSPORTATION CO. OF ARIZONA, LLC,<br><br>Defendant. | <u>CLASS ACTION</u><br><br>No. 3:11-cv-05843-BHS<br><br>ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT |

This matter comes before the Court on Plaintiffs' Unopposed Renewed Motion for Preliminary Approval of Class Action Settlement, filed September 20, 2018 ("Renewed Preliminary Approval Motion"). Plaintiff Class Representatives[1] and Defendant Swift Transportation Company of Arizona, LLC, entered into a Class Action Settlement Agreement

---

[1] The moving class representatives are: Troy Slack, Jacob Grismer, Richard Erickson, Scott Praye, Gary H. Roberts, Robert P. Ullrich, Timothy Helmick, Dennis Stuber, and Sean Forney. Class representatives Eric Dublinski and Henry Ledesma died during the pendency of the case.

ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 1
Case No. 3:11-cv-05843-BHS
010532-11 1064116 V1



1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

and Release, dated September 20, 2017 ("Settlement Agreement") to settle the above-captioned lawsuit. The Court preliminarily approved the Settlement on October 10, 2017. Dkt. No. 278. But after preliminary approval, the Class Representatives and Swift developed a disagreement about the scope of the Class included in the Settlement Agreement, and the scope of the release of the claims in the Settlement Agreement. Therefore, the Court vacated preliminary approval on April 10, 2018. Dkt. No. 292. The parties briefed the issues between them multiple times. The Court issued an order directing the parties to meet and confer and [to propose a process for moving the matter forward on July 9, 2018]. Dkt. No. 303. After this order, counsel for Class Representatives and Swift met and conferred over the outstanding issues and agreed to resolve them with the clarifications set forth in Amendment No. 1 to Class Action Settlement Agreement and Release, dated August 29, 2018 ("Amendment"). The Settlement Agreement, with the Amendment, sets forth the terms and conditions for a proposed Settlement and dismissal with prejudice of Swift.

The Court has considered the Renewed Preliminary Approval Motion, and the associated Declarations, the Settlement Agreement with the Amendment, the proposed Settlement Notice, and the record in this case. The Court hereby gives its preliminary approval to the Settlement, as amended, and finds that the Settlement is sufficiently fair, reasonable, and adequate to allow dissemination of notice of the Settlement to the Class and to hold a Fairness Hearing; orders that Settlement Notice be sent to the Class in accordance with the Settlement Agreement, with the Amendment, and this Order, and schedules a Fairness Hearing to determine whether the proposed Settlement is fair, reasonable, and adequate.

**IT IS HEREBY ORDERED AND ADJUDGED:**

1. The Settlement Agreement and the Amendment are hereby incorporated by reference in this Order, and all terms and phrases used in this Order shall have the same meaning as in the Settlement Agreement and the Amendment.

2. This Court has subject matter jurisdiction to approve the Settlement Agreement and the Amendment.

ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 2
Case No. 3:11-cv-05843-BHS
010532-11 1064116 V1



1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1. 3. The Court preliminarily approves the Settlement Agreement and the Amendment and finds that the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant providing notice to the Class.

4. The Court appoints Kurtzman Carson Consultants (KCC) as the Settlement Administrator. KCC shall administer the Settlement in accordance with the terms and conditions of this Order and the Settlement Agreement.

5. <u>Settlement Notice.</u> The Court approves the proposed notice plan. The Settlement Administrator, using data supplied by Swift as provided in the Settlement Agreement and the Amendment, will attempt in good faith to identify Class Members' last known mailing addresses. Class Counsel, by and through the Settlement Administrator, will provide notice of the settlement to Class Members by: (i) First-Class Mail in a form substantially similar to the form attached as Exhibit 1 to the Declaration of Derek Smith Regarding Class Action Notice Qualifications and Administration Experience ("Settlement Notice"); and (ii) a content-neutral website that will contain the mailed Settlement Notice, as well as further information about the Settlement, including access to the Agreement itself, as well as certain pleadings ("Settlement Website").

6. Class Counsel and the Settlement Administrator shall use their best efforts to complete the Class Notice process by the **Mailed Notice Date** listed in Paragraph 20 of this Order.

7. The Court finds that the procedures outlined in the Settlement Agreement and the Amendment and in the Smith Declaration for identifying potential Class Members and providing notice to them constitute reasonable notice and the best practicable notice under the circumstances and an appropriate and sufficient effort to locate current addresses for potential Class Members such that no additional efforts to do so shall be required.

8. Specifically, the Court finds that Class Members shall be identified by the methodology used by Ms. Angela Sabbe in the Expert Report of Angela Sabbe (dated September 15, 2016), as supplement with data provided by Ms. Sabbe in October, 2017, a methodology which was adopted and employed by Class Representatives and Swift in this case.



HAGENS BERMAN
1301 Second Avenue, Suite 2000 • Seattle, WA 98101
(206) 623-7292 • FAX (206) 623-0594

9. The Court finds that the Settlement Notice plan, including the form, content, and method of dissemination of the Settlement Notice to Class Members as described in the Settlement Agreement and in the Vasquez Declaration, (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Lawsuit and of their right to object to and/or exclude themselves from the proposed Settlement; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meets all applicable requirements of Federal Rule of Civil Procedure 23 and due process.

10. The Court approves the Plan of Allocation of class settlement funds, as set forth in the Settlement Agreement and the Settlement Notice, and finds that the proposed Plan of Allocation is fair, reasonable, and adequate.

11. <u>Exclusions and Objections.</u> The Court approves the procedures set forth in the Settlement Agreement and the Settlement Notice for exclusions from and objections to the Settlement. Any Class Member who wishes to be excluded from or object to the Settlement must comply with the terms set forth in the Settlement Agreement and Settlement Notice. Class Members who wish to exclude themselves from ("opt out of") the Settlement must serve on the Administrator, and counsel, a written request for exclusion ("Exclusion Request") by the Exclusion and Objection Deadline listed in Paragraph 20 of this Order, as provided in the Settlement Notice. Class Counsel shall submit to the Court the name of all Class Members who submit Exclusion Requests at the time Class Counsel file their motion for final approval of the Settlement.

12. All Class Members will be bound by the Judgment dismissing the Lawsuit with prejudice unless such Class Members timely file a valid Exclusion Request. Any Class Member who submits a timely Exclusion Request shall be deemed to have waived any rights or benefits under the Settlement Agreement.

13. The Court preliminarily enjoins all Class Members, unless and until they submit a timely Exclusion Request pursuant to the Settlement Agreement, (i) from filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant, or class member in any other

ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 4
Case No. 3:11-cv-05843-BHS
010532-11 1064116 V1



1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the Released Claims; and (ii) from filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Class Members, based on the Released Claims.

14. Class Members who wish to object to any aspect of the Settlement must file with the Court a written statement containing their objection ("Objection") by the **Exclusion and Objection Deadline** listed in Paragraph 20 of this Order, as provided in the Class Notice. Any Settlement Class Member who does not make his or her objection in the manner provided in the Class Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement as set forth in this Settlement Agreement, to the Plan of Allocation, and/or to the award of attorneys' fees and expenses to Class Counsel.

15. Any attorney hired by, representing, or assisting (including, but not limited to, by drafting or preparing papers for a Class Member) a Class Member for the purpose of objecting to any term or aspect of the Settlement Agreement or to the proposed Settlement or intervening in the Lawsuit shall mail to the Administrator and file with the Clerk of the Court a notice of appearance no later than the **Exclusion and Objection Deadline** listed in Paragraph 20 of this Order.

16. The Court directs the Administrator promptly to furnish Class Counsel and Swift counsel copies of any and all objections, motions to intervene, notices of intention to appear, and other communications that come into its possession (except as otherwise expressly provided in the Settlement Agreement).

17. The Court stays all proceedings against Swift in the Lawsuit until further order of the Court, except that the Parties may conduct such limited proceedings as may be necessary to implement the proposed Settlement or to effectuate its terms.

18. Class Counsel shall file a petition for fees, expenses, and incentive awards by the **Fee Petition Deadline** listed in Paragraph 20 of this Order. Class Counsel shall file a motion for final approval and responses to any objections/Fee Petition replies by the **Motion for Final**

ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 5
Case No. 3:11-cv-05843-BHS
010532-11 1064116 V1

HB HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

**Approval of Settlement and Responses to Objections Deadline** listed in Paragraph 20 of this Order.

19. The **Fairness Hearing** shall be held at the date and time listed in Paragraph 20 of this Order, for the purpose of determining (a) whether the Settlement is fair, reasonable, and adequate and should be finally approved by the Court; (b) the merit of any objections to the Settlement; (c) the requested Fee and Expense Award to Class Counsel; (d) the requested Incentive Awards to the Settlement Class Representatives; and (e) entry of the District Court Approval Order and Judgment approving the Settlement.

20. The Court directs that the following deadlines are established by this Order. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Class.

    a. **Swift to Provide Class Data to Settlement Administrator: 10/16/2018**
(within 7 days following entry of this Order)

    b. **Mailed Notice Date: 11/15/2018**
(within 30 days following receipt of class data)

    c. **Exclusion and Objection Deadline: 12/18/2018**
(within 33 days following Mailed Notice Date)

    d. **Fee Petition Deadline: 12/14/2018**
(by 14 days before the Exclusion and Objection Deadline)

    e. **Motion for Final Approval of Settlement and Responses to Objections Deadline: 1/3/2019**
(two weeks after objection deadline/at least 2 weeks prior to the Fairness Hearing)

    f. **Fairness Hearing: 10:00 AM on 1/22/2019**
(at least 100 days after the date of this Order)

21. The Court reserves the right to adjourn, continue or otherwise change the date of the Fairness Hearing without further notice to the members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement Agreement. The members of the Settlement Class are advised to confirm the date of

ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 6
Case No. 3:11-cv-05843-BHS
010532-11 1064116 V1

HB HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

the Fairness Hearing as set forth in the Settlement Notice. The Court may approve the Settlement Agreement, with such modifications as may be agreed to by the settling parties, if appropriate, without further notice to the Settlement Class.

**IT IS SO ORDERED**.

Dated this 9th day of October, 2018

_____
BENJAMIN H. SETTLE
United States District Judge

*Presented by*:

HAGENS BERMAN SOBOL SHAPIRO LLP

By: */s/ Steve W. Berman*
By: */s/ Thomas E. Loeser*
By: */s/ Jeniphr Breckenridge*
   Steve W. Berman, WSBA #12536
   Thomas E. Loeser, WSBA# 38701
   Jeniphr Breckenridge, WSBA #21410
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
toml@hbsslaw.com
jeniphr@hbsslaw.com

*Attorneys for Plaintiffs*

ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 7
Case No. 3:11-cv-05843-BHS
010532-11 1064116 V1

