UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TROY SLACK, JACOB GRISMER, RICHARD ERICKSON, SCOTT PRAYE, GARY H. ROBERTS, ROBERT P. ULLRICH, HENRY LEDESMA, TIMOTHY HELMICK, DENNIS STUBER, ERIC DUBLINSKI, SEAN P. FORNEY, individually and as Class Representatives, <br><br>Plaintiffs, <br><br>v. <br><br>SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, <br><br>Defendant. | CLASS ACTION <br><br> No. 3:11-cv-05843-BHS <br><br> ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT |

This matter is before the Court on Plaintiffs' Motion for Final Approval of Class Action Settlement ("Final Approval Motion"), and Plaintiffs' Motion for Attorneys' Fees, Costs, Expenses, and Service Awards ("Fee Motion") in the above-captioned action (the "Action"). Plaintiffs and Swift Transportation Co. of Arizona, LLC entered into a Class Action Settlement Agreement and Release ("Settlement Agreement"), on behalf of themselves and the certified Class of Washington-based dedicated drivers, to settle the Action. Plaintiffs and Swift later amended the Settlement Agreement and entered into Amendment No. 1 to Class Action Settlement Agreement and Release ("Amendment No. 1"). Together the Settlement Agreement and Amendment No. 1 set forth the terms and conditions for a proposed Settlement and dismissal with prejudice of Swift from the lawsuit.

ORDER GRANTING FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 1
Case No. 3:11-cv-05843-BHS
010532-11 1098138 V1



1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

Having duly considered all papers filed and arguments presented, IT IS HEREBY ORDERED AND ADJUDGED:

1. Unless defined herein, all defined terms in this Final Approval Order and accompanying Judgment shall have the respective meanings set forth in the Settlement Agreement with Amendment No. 1.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3. The Court confirms its previous certification of the following Class, pursuant to Federal Rule of Civil Procedure 23(b)(3):

> All current and former Swift employee Dedicated Drivers who were assigned by Swift to a Washington position and/or terminal between July 18, 2008 through October 10, 2017; and who were paid by the mile and worked in excess of forty hours in a week; or who participated in and completed Swift's new driver Orientation Program in a Washington location; or who participated in Swift's Per Diem program for mileage-based drivers.[1]

The Court further confirms that for purposes of the Settlement, consistent with Amendment No. 1, "Dedicated Driver" means any current or former employee driver who was assigned by Swift to a terminal and/or customer facility physically located in the State of Washington and, during that assignment, drove routes for a single specified customer account. The Court also further confirms that for purposes of the Settlement, consistent with Amendment No. 1, "Dedicated Drivers" means those who have been identified by Ms. Angela Sabbe in the Expert Report of Angela Sabbe (dated September 15, 2016), as supplemented with data provided by Ms. Sabbe in October, 2017.

4. The Court preliminarily approved the Settlement Agreement with Amendment No. 1 and entered the Preliminary Approval Order on October 9, 2018, and notice was given to all members of the Class under the terms of the Preliminary Approval Order.

---

[1] The definition has been modified from the original only to include the agreed Class Period, as set forth in the Settlement Agreement with Amendment No. 1.

ORDER GRANTING FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 2
Case No. 3:11-cv-05843-BHS
010532-11 1098138 V1




1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

5. The Court finds that Swift properly and timely effectuated notice under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, on November 10, 2018, and that ninety days have passed without comment or objection from any governmental entity.

6. The Court has read and considered the papers filed in support of the Final Approval Motion and the Fee Motion, including the Settlement Agreement with Amendment No. 1, and the exhibits thereto, memoranda and arguments submitted on behalf of the Plaintiffs, Class Members, and Swift, and supporting declarations. The Court held a hearing on January 22, 2019, at which time the parties were afforded the opportunity to be heard in support of or in opposition to the Settlement.

7. Based on the foregoing, the Court now gives its final approval to the Settlement and finds that the Settlement is sufficiently fair, reasonable, and adequate; and that adequate notice was given to Class Members in accordance with the Settlement Agreement with Amendment No. 1.

8. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court finds that the Settlement Agreement with Amendment No. 1 is, in all respects, fair, reasonable, and adequate, and in the best interests of the Plaintiffs, the Class, and each of the Class Members, and is consistent and in compliance with all requirements of due process and federal law.

9. The Court specifically finds that the following factors support the Court's determination that the Settlement is fair, reasonable, and adequate:

   a. The strength or weakness of Plaintiffs' case on the merits;
   b. The anticipated expense, complexity, and duration of litigation, including the difficulties of proof and strong defenses Plaintiffs would encounter if the case had gone to trial;
   c. The risk of maintaining class action status throughout trial;
   d. The significant relief provided for the Class pursuant to the Settlement;
   e. The discovery that has already occurred in this case;
   f. The experience and views of Class Counsel; and
   g. The positive reaction of the Class.

ORDER GRANTING FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 3
Case No. 3:11-cv-05843-BHS
010532-11 1098138 V1



1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

10. This Court has also scrutinized the Settlement Agreement with Amendment No. 1 and negotiation history for any signs of potential collusion. *See, e.g.*, *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011). The Court specifically finds that the following factors support the Court's determination that the Settlement is not the product of collusion:

   a. the Settlement was negotiated by experienced, well-qualified counsel and with the active involvement and assistance of a neutral, well-qualified mediator;

   b. the Settlement provides substantial benefits to Class Members, and such benefits are not disproportionate to the attorneys' fees, costs, and expenses awarded to Class Counsel;

   c. the benefits provided to Class Members are appropriate under the circumstances of this Action;

   d. no funds will revert to Swift under any circumstances;

   e. the attorneys' fees and costs awarded to Class Counsel will be paid separate and apart from class funds; and

   f. the Parties negotiated the attorneys' fees and costs only after reaching an agreement in principle as to the substantive elements of the Settlement.

11. Rule 23 requires that class notice "must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the members so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Fed. R. Civ. P. 23(c)(2)(B). The Court finds that the Settlement Notice, previously approved by the Court and since issued by the Settlement Administrator, contained detailed information regarding the Settlement that met those requirements.

12. The Court has determined that the notice given to the Settlement Class, in accordance with the Settlement Agreement with Amendment No. 1 and the Preliminary Approval Order, fully and accurately informed members of the Settlement Class of all material elements of the Settlement and constituted the best notice practicable under the circumstances, fully apprised Class Members of their right to object to or exclude themselves from the proposed

ORDER GRANTING FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 4
Case No. 3:11-cv-05843-BHS
010532-11 1098138 V1

HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

Settlement, constituted due, adequate, and sufficient notice to all persons entitled to receive notice, and otherwise fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23, and all applicable law.

13. *Exclusions*. The Court finds that no Class Members requested exclusion from the Class under the procedures set forth in the Settlement Notice previously approved by the Court. The Court finds that this is an additional factor supporting the finding that the Settlement is fair, reasonable, and adequate.

14. *Objections*. The Court finds that no Class Members objected to the Settlement under the procedures set forth in the Settlement Notice previously approved by the Court. The Court finds that this is an additional factor supporting the finding that the Settlement is fair, reasonable, and adequate.

15. The Court now orders the Parties to the Settlement Agreement with Amendment No. 1 to perform their obligations thereunder. The Settlement Agreement with Amendment No. 1, including the releases therein, shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court. Upon the Effective Date, Plaintiffs and each and every Class Member, fully and irrevocably release and forever discharge the Released Parties (as defined in the Settlement Agreement) from any and all claims, liabilities, rights, demands, suits, matters, obligations, liens, damages, losses, costs, expenses, debts, penalties, payments, actions, and causes of action, of every kind and/or nature whatsoever, regardless of legal theory or type of amount of relief or damages claimed, which they have, or at any time ever had against any Released Party arising out of, based on, or relating in any way to the allegations asserted in this lawsuit.

16. *Plan of Allocation*. The Court finds that the Plan of Allocation as set forth in the Settlement Agreement is fair, reasonable, and adequate. The Settlement creates a fund as to the Class Overtime Claims (which is the balance of the Settlement Fund after disbursements are made for Orientation Claims, Per Diem Claims, service awards, and taxes and tax expenses incurred by the Settlement Fund), and the Plan of Allocation provides monetary recovery to Class Members on a *pro rata* basis proportionate to the total of all Class Members' overtime

ORDER GRANTING FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 5
Case No. 3:11-cv-05843-BHS
010532-11 1098138 V1

HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

claims. This is based on an Overtime Factor which is the product of the individual Class Member's actual overtime hours worked (as reflected in Swift's employment records) multiplied by the Class member's per-mile pay rate at the time the overtime hours were worked. The Class Member will have Individual Overtime Damages equal to their *pro rata* share of the available settlement funds based upon the Class Member's Overtime Pay Factor divided by the sum of all Class Members' Overtime Pay Factors. As to the Per Diem Claims, the Plan of Allocation provides monetary recovery to each eligible Class Members equal to 66% of the amount Swift withheld from the eligible Class Member but did not reimburse. As to the Orientation Claims, the Plan of Allocation provides monetary recovery to each eligible Class Member equal to 16 hours multiplied by the Washington State minimum hourly wage in effect at the time of the orientation. *See In re Oracle Secs. Litig.*, 1994 WL 502054, at *1 (N.D. Cal. June 18, 1994) ("A plan of allocation that reimburses class members based on the extent of their injuries is generally reasonable.").

17. The Court dismisses this Action with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement with Amendment No. 1) as to Plaintiffs and Class Members. The Court adjudges that, upon the Effective Date, Plaintiffs and the Class shall be deemed to have fully and irrevocably released and forever discharged all Released Claims against the Released party.

18. On the Effective Date, the Plaintiffs and the Class are forever barred and permanently enjoined from directly, indirectly, representatively, or in any other capacity filing, commencing, prosecuting, continuing, litigating, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from, any lawsuit or arbitration, or other proceeding against any of the Released Party in any jurisdiction based on the Released Claims.

19. The benefits and payments described in the Settlement Agreement with Amendment No. 1 are the only consideration, fees, and costs Swift shall be obligated to give to the Plaintiffs, Class Members, and Class Counsel in connection with the Settlement Agreement, the Released Claims, and the payment of attorneys' fees and cost.

ORDER GRANTING FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 6
Case No. 3:11-cv-05843-BHS
010532-11 1098138 V1



1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

20. Without affecting the finality of this Final Approval Order and accompanying Judgment in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto pursuant to the Settlement Agreement has been performed; (b) any other action necessary to conclude the Settlement and to administer, effectuate, interpret, and monitor compliance with the provisions of the Settlement Agreement; and (c) all parties to this Action and Settlement Class Members for the purpose of implementing and enforcing the Settlement Agreement.

21. Without further approval from the Court, the Parties are authorized to agree to and adopt such amendments, modification, and expansions of the Settlement Agreement, as (i) shall be consistent in all material respects with this Order and Final Judgement and (ii) do not limit the rights of Class Members.

22. <u>Service Awards</u>. The Court confirms its previous appointment of the Plaintiffs as representatives of the Class, and approves service award payments of $7500 each for the each of the following Plaintiffs, or their heirs: Troy Slack, Jacob Grismer, Richard Erickson, Scott Praye, Gary H. Roberts, Robert P. Ullrich, Henry Ledesma, Timothy Helmick, Dennis Stuber, Eric Dublinski, and Sean P. Forney, and specifically finds such amount to be reasonable in light of the service performed by Plaintiffs for the Class. These service awards shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

23. <u>Attorneys' Fees, Costs, and Expenses</u>. The Court confirms its previous appointment of Hagens Berman Sobol Shapiro LLP as Class Counsel, and finds that Class Counsel have adequately represented the Class for purposes of entering into and implementing the Settlement. The Court hereby awards to Class Counsel (a) attorneys' fees in the amount of $1,810,000.00; and (b) reimbursement of expenses in the amount of $240,000.00. This amount shall be paid directly by Swift in accordance with the terms of the Settlement Agreement. In making the award of attorneys' fees and reimbursement of expenses, the Court has considered the materials submitted by Class Counsel in support of final approval of the settlement and their request for attorneys' fees and costs, and finds the award of attorneys' fees and costs appropriate

APPROVAL OF CLASS ACTION SETTLEMENT - 7
Case No. 3:11-cv-05843-BHS
010532-11 1098138 V1

HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1  and reasonable. The Court further notes that the Settlement Notice specifically and clearly
2  advised the Class that Class Counsel would seek the award. Any allocation of attorneys' fees and
3  expenses among various Plaintiffs' counsel shall be at the sole discretion of Class Counsel.

4  24. Neither the Settlement Agreement with Amendment No. 1 and Settlement, nor this Order, shall be construed as an admission or concession by Swift of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind. The Settlement Agreement, Settlement, this Order, and the Judgment, or any of their terms or provisions, or any of the negotiations or proceedings connected with them, shall not be offered as evidence or received in evidence or used in any way in any pending or future civil, criminal, or administrative action or any other proceeding to establish any liability or wrongdoing of, or admission by Swift. Notwithstanding the foregoing, nothing in this Order shall be interpreted to prohibit the use of this Order or the Judgment in a proceeding to consummate or enforce the Settlement Agreement with Amendment No. 1 or Judgment, or to defend against the assertion of Released Claims in any other proceeding. All other relief not expressly granted to the Settlement Class Members is denied.

25. The Court finds that no just reason exists for delay in entering this Final Approval Order and accompanying Judgment. Accordingly, the Clerk is hereby directed to enter this Final Approval Order and accompanying judgment forthwith.

**IT IS SO ORDERED**.

Dated this 14th day of February, 2019.

BENJAMIN H. SETTLE
United States District Judge

ORDER GRANTING FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 8
Case No. 3:11-cv-05843-BHS
010532-11 1098138 V1



1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1  *Presented by*:
   HAGENS BERMAN SOBOL SHAPIRO LLP
2  By:    */s/ Steve W. Berman*
   By:    */s/ Thomas E. Loeser*
3  By:    */s/ Jeniphr Breckenridge*
4      Steve W. Berman, WSBA #12536
       Thomas E. Loeser, WSBA# 38701
5      Jeniphr Breckenridge, WSBA #21410
   1301 Second Avenue, Suite 2000
6  Seattle, WA  98101
   Telephone: (206) 623-7292
7  Facsimile:  (206) 623-0594
8  steve@hbsslaw.com
   toml@hbsslaw.com
9  jeniphr@hbsslaw.com
   *Attorneys for Plaintiffs*

ORDER GRANTING FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 9
Case No. 3:11-cv-05843-BHS
010532-11 1098138 V1



1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594